## SUPREME JUDICIAL COURT

#### FOR THE COUNTY OF

## CUMBERLAND.

### MAY TERM.

### 1828.

---

### STEARNS *vs.* BURNHAM.

An executor, appointed under the laws of another State, cannot indorse a promissory note payable to his testator by a citizen of this State, so as to give the indorser a right of action here in his own name.

And this objection, though in disability of the plaintiff, may be taken under the general issue, in an action by the indorsee against the maker of the note.

THIS was *assumpsit* by the indorsee against the maker of a promissory note, payable to *William Stearns*, of *Salem*, in Massachusetts, and indorsed by his executrix, who resided in the same town, and whose letters testamentary issued from a Probate Court in that State, to the plaintiff, who also was a citizen of Massachusetts. The maker always resided in this State.

It was tried before the Chief Justice, upon the general issue, and the plea of the statute of limitations ; and a verdict was taken for the plaintiff, subject to the opinion of the court, upon the question whether any right to maintain this action was conveyed to the plaintiff, by the indorsement of the executrix. Another question was raised, upon the statute of limitations, but not having been considered by the court, the arguments upon it are omitted.

*N. Emery* and *Longfellow*, for the defendant, argued against the power of the executrix to convey to the plaintiff a right of action in his own name, on the ground that it facilitated the withdrawing of funds from this State which might be wanted for the payment of debts due to our own citizens; and that it prevented the setting off of demands against the testator, and displaced equities. And they said that it went to the virtual repeal of our statute provisions on this subject, so far as personal property was concerned. *Goodwin v. Jones* 3. *Mass.* 517. *Russell v. Swan* 16. *Mass.* 314. 2. *H. Bl.* 561. *Thompson v. Wilson* 2. *N. Hamp. Rep.* 291.

*Greenleaf* and *Willis*, on the other side, contended that as the executor succeeded to all the rights and equities of the testator, with the general power to indorse and thus transfer his negotiable notes; it was essential to the exercise of this right that the indorsee should have all the powers of the payee, including the right to sue in his own name. Otherwise the note must lose its negotiable character. This right being once vested in the indorsee, belonged to him always, and in all places, by the law merchant. The executor is no longer known as such, except as having been the medium of passing the property to the indorsee; and his authority, under the laws of another State, to transfer the property, and with it the privileges of an indorsee, may be proved before this court, as the execution of a power of attorney, or any other act *in pais*, done abroad. *Chitty on bills* 108, 111. *Rawlinson v. Stone* 3. *Wils.* 1. *Willes* 559. *Mosher v. Allen* 16. *Mass.* 451. *Talmage v. Chapel* 16. *Mass.* 71.

But the objection comes too late; it being to the disability of the plaintiff, and not having been taken in abatement, nor by special plea in bar. *Langdon v. Potter* 11. *Mass.* 313.

MELLEN C. J. delivered the opinion of the Court.

The only question of any moment, is whether the plaintiff is entitled to maintain this action as indorsee of the note declared on, the same having been indorsed by Mrs. *Stearns*, the executrix of *William Stearns's* will, proved and approved in Massachusetts. It is clear that that the executrix herself, could not maintain an action in our courts

Stearns *v.* Burnham.

upon the note, as was decided in the case of *Jones v. Goodwin* 3. *Mass.* 514. The principles and reasons on which that decision is founded are stated at large by Mr. Chief Justice *Parsons;* and on this occasion a reference to that case is sufficient, for a knowledge of the learning on the subject, so far as applicable to the present case. We would merely observe that the power of the executrix, by law, is to administer all the goods, chattels, rights and credits of the testator which are within Massachusetts. Debts due to the testator at the time of his death from persons residing in other States, are placed, by law, on the same ground as goods and chattels belonging to him and being in another State. Over these she, as executrix, deriving her authority under the laws of Massachusetts, has no control. We are then led to inquire how an executor or administrator, acting under an authority derived from another State, can, by indorsing a note due from one of our citizens, give to his indorsee a power which he himself does not possess, that is, of successfully sueing for and recovering it in our courts. If this can be done, it will be an indirect mode of giving operation, in this State, to the laws of Massachusetts, as such; or in other words, to an authority derived directly from laws, which are not in force in this State. By adopting such a principle, the effects or credits of a testatator or intestate, found in this State, might be withdrawn, which may be necessary for satisfying debts due from such testator or intestate to citizens of this State. Such a principle or course of proceeding has often been successfully opposed. 3. *Mass.* 517. 4. *Mass.* 324. 8. *Mass.* 515. 9. *Mass.* 350. 11. *Mass.* 269. 3. *Pick.* 128. 5. *Cranch* 289. 1. *Gal.* 429. 13. *Mass.* 146. No such consequence would follow, if the executrix should be held to prosecute for the collection of the money due on the note in her own name; for before she could do this, she would be obliged to file a copy of the will of the testator in some Probate Court in this State, and have the same there recorded; this having been done, the Judge of Probate would thereupon proceed to take bond of the executrix, and settle the estate (lying or being in this State,) in the same way and manner as he may the estates of testators whose wills have been duly proved before him. See 14th and 17th sections of the *Stat.* 1821, *ch.* 60. The

principles of justice and policy on which the abovementioned pro-visions of our statute are founded, would seem to lead our courts of law to that course of proceeding, in a case like the present, which would harmonize with those principles, and have a manifest tendency to produce the same beneficial results. This must have been the ground of the decision in the case of *Thompson v. Wilson* 2. *New Hamp. Rep.* 291. The facts of that case are exactly similar to the one under consideration, and the court decided that the action could not be maintained. It has been said that the objection which has been urged is good only in abatement; but we are very clear that it is well sustainable on the general issue, inasmuch as it shews that no title was derived under the indorsement, to maintain this action, any more than if the indorsement had been a forgery.

We are all of opinion that the verdict must be so amended as to stand as a verdict in favor of the defendant, and judgment be entered thereon accordingly.