Barrett *v.* Barrett & al.

BARRETT *vs.* BARRETT *&- al.*

Where an administrator in another State held, in that capacity, a negotiable note payable to his intestate and indorsed by him in blank ; it was held that the administrator might maintain an action upon it in this State, as indorsee ; subject, however, to any defence originally open to the promissor.

Where a new promise is relied on as an answer to the plea of the statute of limitations, the declaration is founded on the original cause of action ; and the new promise is set forth in the replication, or adduced in evidence.

THIS was an action of *assumpsit* upon a negotiable promissory note dated *June* 15, 1806, signed by the defendants and one *Archibald McLain*, deceased, payable in nine years to one *Charles Barrett*, deceased, and by him indorsed in blank. The declaration contained one count for money had and received ; one for money lent ; one upon the express promise of the defendants to pay the plaintiff as holder and assignee of the note ; and another, added under leave to amend, upon their liability to him as indorsee, in the usual form. The defendants pleaded the general issue, with a brief statement pursuant to the statute ; in which they relied for defence upon the statute of limitations ; and also alleged that the plaintiff held the note as the administrator of the payee, under letters of administration granted in *New Hampshire*, of which State the plaintiff and the payee were citizens ; that no administration had been granted in this State, though here were both *bona notabilia* and creditors ; and that the promises set forth in the declaration were made to the plaintiff as administrator.

At the trial, before *Parris J.* the plaintiff, after proving the signatures and indorsement, produced letters from one of the defendants to himself within six years, promising to pay the note. And the defendants offered evidence tending to show that these letters were addressed to him as administrator, and that he was not recognized by them as holding the note in any other capacity.

45

Barrett *v.* Barrett & al.

The jury were instructed, if they should find that the note belonged to the estate of the intestate, and that the subsequent promises were made to the plaintiff solely in his capacity of administrator, to return a verdict for the defendants :—but if they should find that the note was the property of the plaintiff, and that the subsequent promises were made to him in his private capacity, then to return a verdict for the plaintiff. And they found a verdict for the defendants ; which was taken subject to the opinion of the Court upon the correctness of those instructions.

*Greenleaf* and *Harding* for the plaintiff.

*Thayer* for the defendant.

WESTON J. delivered the opinion of the Court at the ensuing *May* term in *Kennebec.*

The count, wherein the plaintiff declares as indorsee against the defendants as makers, was not inserted in the plaintiff's writ, until after the entry of the action, under leave to amend. This count is objected to as inadmissible under such leave. But all the counts were for the same cause of action, depending on the note as evidence. This is not denied ; and one of the original counts shows that the action was brought, to recover the note declared on in the new count. The rule is, that a new count shall not be added for a new cause of action ; but under leave to amend new counts may be added at pleasure for the same cause, which are consistent with the nature of the action brought.

The plaintiff as indorsee, adduced in evidence the note declared on, with the name of the payee indorsed in blank. This was *prima facie* evidence that the note was his property. But if it in fact belonged to the estate of the payee, and he would be answerable over for the amount to that estate, his right to recover would be unaffected. Whether he sues in his own right, or as trustee for others, is a question, which does not affect the defendants' liability. If they, or either of them, had any matter of offset against the estate of the payee, they might avail themselves of it in defence of this action, if the

plaintiff sues for the benefit of the estate, or it can be shown that he is not the *bona fide* holder. But no claim of offset is set up or pretended. If the note belongs to the estate of the payee, it is under the control of the plaintiff, as his administrator. Being negotiable and indorsed in blank, it was competent for him to bring an action upon it in his own name as indorsee, or to permit any other person to do so. *Marr v. Plummer,* 3 *Greenl.* 73, and the cases there cited.

It was neither necessary or proper, that the action should be brought upon the new promise. Where a new promise is relied upon as an answer to the statute of limitations, the declaration is founded upon the original cause of action; and the new promise is set forth in the replication, or adduced in evidence.

To take a case out of the statute, there must be an acknowledgment of indebtedness, or a promise, absolute or conditional, to pay. But the latter includes the former. A promise to pay, is an acknowledgment of indebtedness, by necessary implication. It is unimportant to whom made. It is an admission, that the debt is due and unpaid.

We are therefore of opinion, that the ground, upon which the jury returned their verdict for the defendants, was not warranted by law.

*New trial granted.*