Nov. Term,
1855.

Slauter, Administrator, *v.* Chenowith, Administrator.

SLAUTER
v.
CHENOWITH.

An action will not lie against an administrator appointed in one state, on a decree against a different administrator of the same intestate appointed under the authority of another state.

APPEAL from the *Warren* Court of Common Pleas.

Monday,
December 10.

Davison, J.— *Chenowith* sued *Slauter* upon a decree of the *Vermillion* Circuit Court, in the state of *Illinois.* Answer to the complaint, 1. That there was no such record as described. 2. That the decree sued on is not against the present defendant, but was the result of a suit to which he was not a party, and of the pendency of which he had no notice whatever, personal or otherwise; nor did he ever appear to said suit or make any defence to it; that he never resided in *Illinois,* but always had been a resident of *Indiana,* &c. To the first paragraph, there was a reply affirming that there was such a record as set forth in the complaint; and to the second, a demurrer was sustained. The Court tried the cause, and gave judgment against the defendant below.

The plaintiff, upon the trial, proposed to introduce the transcript of a record of the *Vermillion* Circuit Court, for *Vermillion* county, *Illinois,* which, over the defendant's objection, was admitted in evidence. This record shows that the decree in suit was rendered by said Court in favor of *John Chenowith,* the plaintiff below, as administrator of *Francis Sommerville,* deceased, and against *Samuel* and *Mary Sommerville,* administrators of *David Cristman,* deceased; that the parties to said decree obtained their respective authorities as administrators, under the laws of *Illinois;* and that it was given against the said *Samuel* and *Mary* upon notice by publication, without service of process, and without appearance. It otherwise appeared that *Slauter,* the defendant below, was sued in this action as administrator of the goods, &c., which were of *David Cristman,* at the time of his death, situated in *Warren* county, *Indiana,* having derived his authority as administrator from the laws of the last-named state.

The decree on which this suit is founded, is not against *Slauter*, the defendant, nor was he a party to the proceedings which led to its rendition. He is an *Indiana* administrator, and we have seen that the decree was rendered by a Circuit Court of *Illinois*, against individuals who held their office as administrators by virtue of the laws of that state. Now, will an action lie against an administrator in one state, on a decree obtained against a different administrator of the same intestate appointed under the authority of another? The solution of this inquiry will decide the case. Mr. *Story* says, " Where administrations are granted to different persons in different states, they are so far deemed independent of each other, that a *judgment* obtained against one will furnish no right of action against the other, to affect assets received by the latter in virtue of his own administration; for, in contemplation of law, there is no privity between him and the other administrator." Conf. of Laws, s. 522.

In *Stacy* v. *Thrasher*, 6 Howard 44, it was held that an administrator, acting under an authority derived from one state, is not bound by the result of judicial proceedings against a collateral administrator of the same estate in another. These authorities seem to be decisive of the point under consideration. The principle is this: the parties against whom a judgment is sought to be enforced, should be the same, or be in privity with, those against whom it was given. But here the party sued is not the same with those against whom the decree was rendered; nor have they any privity with each other in law or estate. " They receive their authority from different sovereignties, and over different property. The authority of each is paramount to the other." And each is accountable to the Court that granted his letters of administration. *Stacy* v. *Thrasher*, *supra*. The decree before us is against the persons of the administrators, that they pay the debt of the intestate out of funds committed to their care. It is true the defendant may be liable to pay the same debt, and might be subjected to a like decree upon the same

demand, but the assets in his hands can not be affected by a decree to which he is personally a stranger.

We are of opinion that the judgment of the Common Pleas is erroneous, and must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler*, for the appellant.

*B. F. Gregory*, for the appellee.