GEORGE ·B. WILLIAMS v. JAMES J. PERRIN AND J. HERMANN WEIBERS, ADMINISTRATORS, ETC., AND SEPTIMUS VATER.

1. *Sales of Real Estate and Personal Property by Administrators and Guardians.*— The statute requires all real estate sales to be reported to the court for confirmation. And so, as to private sales of personal property, while there is no such express provision, yet the court ordering such sale may, under its general jurisdiction over decedents' estates, and in the exercise of a sound discretion, refuse to confirm it if it appears a substantial advance on the price reported can be had by vacating the sale and ordering a resale. Until a confirmation, the purchaser can acquire no vested right.

2. *Jurisdiction of Circuit Court.*—The court of common pleas had original and exclusive jurisdiction of all matters relating to the settlement and distribution of decedents' estates; and since that court is abolished, the circuit courts have been clothed with the same jurisdiction.

Filed April 26, 1881.

Appeal from Tippecanoe Circuit Court.

Robert Jones and D. Royse, for appellant, cited *Weyer, Adm'r, v. National Bank,* 57 Ind. 198, as to the power of administrators over estates; Williams on Real Property (Ed. 1872), p. 164; 2 Daniel's Ch. Pr. (3rd Am. Ed.), 1,284, note 4; *Delaplain v. Lawrence,* 3 N. Y. 301; *Kain v. Masterton,* 16 N. Y. 174; *Williamson v. Dale,* 3 Johns. Ch. 290; *Duncan v. Dodd,* 2 Paige, 99; *Cotton v. Whipple,* 13 Wend. 225; *People v. Bond St. Savings Bank,* 53 How. Pr. 338; *Comstock v. People,* 49 Ill. 158, as to American and English rules on reopening sales for an advance price.

R. C. & W. B. Gregory, for Vater, appellee, and Wilson & Adams and R. P. & J. C. Davidson, for Perrin and Weibers, appellees, cited the statute.

Opinion of the court by Mr. Justice Woods.

We take from the brief of counsel for the appellant the following *statement of the case:*

" July 9, 1878, the appellees, Perrin and Weibers, filed their petition asking an order for the sale by them, at private sale, of certain realty described, and also the Lafayette Journal newspaper property, consisting of engine, presses, type, paper, etc., etc., and the good will."

1

An order was entered for sale at public or private sale of all said realty and personalty in such parcels or parts as the administrators may deem advisable, all sales to "be reported to the court for confirmation." An inventory of this personalty was filed August 9, 1878, the appraisement being $3,275.50, of which $1,000 was the appraised value of the *good will* of the business.

September 9, 1878, the administrators filed a report of the sale of the Journal property and good will, to the appellant, for the sum of $7,500, " to be paid on confirmation of said sale by the court, possession of the property to be given on or before February 5, 1879," and asked the confirmation of the sale.

On the same day Abner H. Longley filed his petition, stating some matters that would tend to show that the administrators had not properly exercised their discretion at the time of the sale, and offered to take the property at $9,000, $4,000 cash and residue in one and two years, with six per cent interest, and asked the court to refuse a confirmation of the sale.

On the 11th of September, 1878, Septimus Vater filed a similar petition, offering to pay for the property $8,250 cash.

September 20, 1878, the appellant filed a petition stating he is ready to pay his bid, and asking a confirmation of the sale, denying also some matters stated in the petitions of Longley and Vater.

October 1, 1878, the court, after hearing the evidence offered, ordered that if said Vater would give bond to the satisfaction of the court to bid $8,250, then the sale to the appellant would not be confirmed. This bond is executed and approved, and the court "annuls and sets aside" the sale to the appellant, and orders a re-sale. Exception by appellant to so much of the order as refuses to confirm the sale to him, and sets the same aside.

October 16, 1878, the administrators filed a report of a sale of said property on the 12th of the month, to said Vater, for $9,450. The report was confirmed and an order made to transfer the property and also all right of the appellees under lease to Vater by them, of the property and the building at which it then was.

Exception to this order by appellant.

The evidence is in the record, but the conclusion of the court as to what the evidence proved makes it unnecessary to state the oral testimony.

The witnesses agree that the only offers made for the property were by Williams, Vater and Longley; that on the day the sale was closed each of them was present, and each raised his offer, and kept raising it until the last offer by Williams, and the sale was made to him only after each of the others had declined increasing the offer. That Williams' offer of all cash was larger than any offer on time by the others.

The court "found that the sale of said property to said Williams was in all respects a fair and proper one, and there was no cause to set aside said sale and order a resale, except only that a better offer has, since said sale, been made by said Vater and by said Longley, and such better offer made it proper that the court, in the exercise of its discretion, should set aside such sale and order a resale."

The court committed no error in refusing to confirm the sale reported and in ordering a resale. By the terms of the order authorizing it, the sale was to be reported to the court for confirmation, and until such confirmation was had, the contract of purchase could not operate to confer on the appellant a vested right.

Section 60, of the act concerning "decedents' estates," (2 Rev. Stat. 1870, p. 512) provides that: "Whenever the court shall be satisfied that it would be for the advantage of such estate to sell any part of the personal property thereof at private sale, such court may authorize the executor or administrator to thus sell the same; but such property shall in no case be sold for less than its appraised value, nor shall such executor or administrator become the purchaser thereof, and a return of such sale shall be made within the time prescribed by the court, not to extend beyond three months." The court of common pleas had original and exclusive jurisdiction of all matters relating to the settlement and distribution of decedents' estates, and since the court of common pleas was abolished the circuit courts have been clothed with the same jurisdiction. In reference to sales of real estate by administrators and guardians, it is expressly enacted that the sales shall be reported to the court for confirmation, and if the court be satisfied that the sale had been unfair, or that a sum exceeding the sum bid or agreed on, at least ten per cent. exclusive of the expense of the sale, can be obtained, the court may vacate the sale. While there is no such express provis-

ion with reference to sales of personalty, made under the order of the court, there can be no doubt that under its general jurisdiction over the settlement of estates of decedents, the court has the power, and in the exercise of a sound discretion, may refuse to confirm a private sale of personalty if it appear that a substantial advance can be had upon the price reported. Whether a sale should be set aside in order to obtain an advance of less than ten per centum, if there was no other cause for refusing to confirm, we need not decide.

In the appellant's case, a ten per cent advance was offered and secured, and a much larger advance obtained.

Judgment affirmed with costs.