McCord *et al. v.* Thompson *et al.*, Administrators.

No. 11,234.

McCord et al. *v.* Thompson et al., Administrators.

DECEDENTS' ESTATES.—*Non-Residents.*—*Domicile.*—*Jurisdiction.*—Where one who is domiciled out of this State dies intestate, grant of administration here can only be had as to assets left here or coming here after his death.

SAME.—*Ancillary Administration.*—The right to administer assets which have come to the hands of an administrator appointed in another State, where the intestate was domiciled, and for which he is accountable, can not be impaired by administration granted in this State.

SAME.—*Promissory Note.*—*Payment.*—An administrator in Illinois, the intestate's domicile, sold property of the intestate to a citizen of this State for which a note payable to this administrator at a bank in this State was executed, and the note deposited in the bank. There being some assets of the estate here, and also creditors, administration had been granted here. Upon demand, the makers paid the note to the administrator here, and he accounted for the proceeds. Upon suit by the Illinois administrator upon the note,

*Held*, that these facts did not constitute a defence.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle*, for appellants.

*S. N. Chambers*, for appellees.

BLACK, C.—The appellees, Charles L. Thompson and Emma J. Thompson, administrators of the estate of James N. Thompson, deceased, sued the appellants upon their promissory note, made on the 26th of February, 1880, in Lawrence county, Illinois, payable at the First National Bank of Vincennes, Indiana, six months after the date thereof, to the order of the plaintiffs, under the style of "C. L. Thompson and Emma J. Thompson, administrators of the estate of James N. Thompson, deceased." It was alleged in the complaint, that the plaintiffs were duly appointed and qualified as administrators of said estate by the proper court having jurisdiction thereof, in Lawrence county, Illinois; and the plaintiffs filed a certified copy of letters of administration granted to them by the county court of Lawrence county, Illinois, January 21st, 1880.

The defendants answered in two paragraphs. A demurrer directed to said paragraphs separately was sustained, and this ruling is assigned as error.

In the first paragraph, the facts upon which the defendants relied were set out more fully than in the second, and the question of the sufficiency of the first paragraph is argued by counsel.

It was alleged, in substance, that said James N. Thompson died intestate while a resident of Lawrence county, Illinois; that the defendants, being residents of said county of Knox, in this State, executed the note in suit to the plaintiffs for property of said decedent purchased by them, being assets of his estate and subject to the payment of his debts; that said note was held and owned by the plaintiffs in their capacity as administrators of said estate; that at the time of his death said intestate was indebted, in amounts stated, to one Gabriel Joseph and other persons named, residents of said Knox county; that after the death of said intestate, and before the execution of the note in suit, said Joseph, under appointment of the circuit court of said county of Knox, became administrator of the estate of said decedent; that at the time of said death, and at the time of said appointment of said Joseph, said decedent had assets in said county of Knox, to wit, one barrel of whiskey, of a value stated; that the debts of said creditors in Knox county were duly proved, and allowed by said Knox Circuit Court, and were ordered to be paid out of the assets of said estate; that said debts being due and unpaid and so allowed, and the assets of the decedent in said county of Knox at his death, that came to said Joseph as his administrator, being insufficient to pay them, and no other assets within this State sufficient to pay said debts being found, said Joseph, as such administrator, demanded of the defendants payment of said note, it being then due; whereupon the defendants paid said note to said Joseph.

It was alleged that immediately after the execution of said

note, it was deposited in the First National Bank of Vin-cennes, Indiana, a bank situated in said county of Knox, and it remained in the possession of said bank at said Knox county until it became due, and was in the possession of said bank when so paid; that more than one year after the grant of letters to said Joseph and the giving of notice of his ap-pointment, he filed his final account with said Knox Circuit Court, charging himself with the amount of said payment by the defendants, and said court approved said account and or-dered the administrator to pay the claims of said Knox county creditors, and after payment thereof and of the expenses of administration, to pay the balance to the administration in Illinois; that said Knox county debts were paid; that the estate of said decedent in Illinois was solvent and more than sufficient to pay off and discharge all debts due from said de-cedent, with costs and expenses of administration and all other costs, charges and expenses against said decedent and his estate and payable in the State of Illinois; that the pro-ceeds of said note were not necessary to pay any liability against the estate of said decedent in Illinois or elsewhere, for which his estate in the hands of the plaintiffs was liable, but were required and necessary to pay the debts of the de-cedent for which his estate in the hands of said Joseph was lia-ble, being claims of creditors in Indiana; that before the taking out of letters of administration in this State, said Knox county creditors filed their claims before the probate court having jurisdiction of said estate in Lawrence county, Illi-nois; that the plaintiffs herein knew that said claims were just, due and owing from the decedent and his estate and un-paid, but they refused to allow or pay them; whereupon said claimants dismissed their claims at their own costs, to avoid an adjudication against them, and the great expense of pros-ecuting said claims in a foreign jurisdiction.

When administrations upon the estate of a decedent are granted in different States, that granted in the State in which

the intestate was domiciled is the principal or primary administration, and all others are ancillary. Where an intestate was domiciled and died outside of this State, there can be no valid grant, in this State, of administration upon his estate, unless he left assets here, or assets of such intestate have come into this State after his death. 2 R. S. 1876, p. 493, section 8; R. S. 1881, section 2228; *Jeffersonville R. R. Co.* v. *Swayne,* 26 Ind. 477.

It is well settled that between different administrators in different States there is no privity. Each is accountable to the tribunal under which he exercises his trust, and administration upon assets which have properly come to the hands of an administrator under his appointment, and for which he is accountable to such legal tribunal, can not be impaired or abridged by a grant of administration to another person in another State. Each portion of the estate should be administered in the State in which possession is taken by an administrator pursuant to lawful authority.

The different administrators deriving authority, as such, from different sovereignties are independent of each other, and acquire rights over different assets, except as the residuums of ancillary administrations may by transmission to the primary administration become assets thereof.

The administrators in Illinois, the domicile of the intestate, could not be deprived, through ancillary administration in this State, of assets reduced to possession by such principal administrators, and in course of administration by them in that State.

The note in suit was given in Illinois to the principal administrators for property sold by them, which constituted assets of the estate subject to the jurisdiction of the probate court of the intestate's domicile. The note might have been assigned by the payees, or they could sue thereon in this State either in their own right or in their character as administrators. *Speelman* v. *Culbertson,* 15 Ind. 441.

The leaving of the barrel of whiskey in this State by the

McCord *et al. v.* Thompson *et al.*, Administrators.

intestate authorized the grant of ancillary administration here, and it was proper to take proof of the claims of the domestic creditors, and to satisfy such as were allowed, so far as could be done through such administration, and to transmit any surplus to the domiciliary administration. But in the course of such ancillary administration, nothing could properly be treated as assets subject to be administered thereunder, which could not constitute such assets as would, in the absence of all other assets, authorize a grant of letters here.

A citizen of this State going into another State and there purchasing of an administrator property which, in the course of administration, has passed under the jurisdiction of a proper probate tribunal of that State, and for the purchase-money executing to such administrator a negotiable promissory note, can not thereby create assets in this State on which a grant of ancillary administration can properly be made here.

Payment was made by the appellants voluntarily to said Joseph, without surrender to them of their note, which was still held by the foreign administrators through the bank at which it was made payable, and at which it may have been left by them for collection.

Whether the indebtedness of the appellants upon said note might have been reached by said domestic creditors of the intestate by attachment and garnishment, we need not here inquire. Such a proceeding would have been a recognition of the title of the appellees as administrators; the course pursued was an ignoring of their title.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Filed Jan. 11, 1884.