## REED ET AL. *v.* BISHOP, ADMINISTRATOR.

[No. 8,153. Filed March 26, 1912. Rehearing denied May 29, 1912. Transfer denied July 5, 1912.]

1. WILLS. — *Probate.—Jurisdiction.—Personal Property.*—Personal property, as a general rule, is subject to the law of the domicile of the testator, and the decision of a court of another state admitting to probate the will of a testator who was domiciled in that state, is an adjudication of all questions relating to bequests therein of such property. p. 190.

2. COURTS.—*Courts of Other States.—Probate of Will.—Ancillary Administration.—Effect.*—The judgment of a court of another state admitting to probate the will of a testator who was domiciled in that state, is not contravened or rendered less effective by ancillary administration on the personalty of such testator located in this State, since, on a substantial compliance with our laws, the executor is entitled to receive for distribution under the will any surplus in the hands of such ancillary administrator. p. 190.

3. COURTS. — *Jurisdiction. — Appointment of Administrator.—Contest Between Foreign Executor and Resident Creditor.*—The circuit court, under §2743 Burns 1908, §2228 R. S. 1881, has jurisdiction over all matters involved in a controversy between resident creditors of a testator and foreign executors, who seek to have the will recorded and claim preference in the issuance of letters testamentary over letters of administration to one of such creditors. p. 191.

4. WILLS. — *Foreign Wills. — Recording. — Proof.* — Under §3151 Burns 1908, §2593 R. S. 1881, providing for the filing and recording of foreign wills, persons seeking to have a foreign will recorded must first satisfy the court "that the instrument ought to be allowed as the last will of the deceased." p. 191.

5. WILLS. — *Foreign Wills. — Recording. — Appeal. — Matters Not Shown by Record.—Presumption.*—Although it appears that an *ex parte* application to have a foreign will filed and admitted to record was verified, and that the copy was properly certified and authenticated, in the absence of any showing as to the evidence heard on the question of whether the instrument was the last will of the decedent, it may be presumed, on appeal of the applicants, that evidence was heard from which the court found that such instrument was not the last will of the decedent. p. 191.

6. WILLS.—*Foreign Wills.—Denial of Record.—Harmless Error.*—The denial of an *ex parte* application to have a foreign will filed and admitted to record, where it appears that the property left

by testator, in this State was personalty and insufficient to pay the claims of resident creditors, was harmless, since, if it should later appear that there is property in this State on which the will may operate, it would be the duty of the court, under §3151 Burns 1908, §2593 R. S. 1881, on the production of such will or copy thereof by any person interested therein, to order it filed and recorded. p. 192.

7. WILLS.—*Foreign Wills.—Denial of Record.—Right of Foreign Executor to Letters Testamentary.—Harmless Error.*—Error in refusing to admit a foreign will to record is not harmful as affecting the right of a foreign executor to qualify in this State in preference to the right of a resident creditor to letters of administration, since there is no statute giving such preference even if the will had been admitted to record. p. 192.

8. EXECUTORS AND ADMINISTRATORS. — *Foreign Executors. — Resident Creditors.—Preference.*—Under §2746 Burns 1908, §2231 R. S. 1881, providing that foreign executors, on the production of letters showing their appointment in another state, shall be entitled to letters in this State in preference to all persons, "except creditors, legatees, and heirs of the deceased, entitled to distribution, who are inhabitants of this State," a resident creditor is entitled to letters in preference to an executor of a foreign will who is a legatee and a non-resident, or to one who is an inhabitant of this State, but is not a creditor, legatee or heir of the decedent. p. 192.

9. EXECUTORS AND ADMINISTRATORS. — *Appointment. — Rights of Creditors.—Cashier of Bank.*—A bank not being authorized by law to act as an administrator, its cashier is not entitled to letters of administration in preference to a creditor of the estate, who is eligible and qualified and makes his application within the time allowed by statute, although such bank is also a creditor. p. 194.

From Cass Circuit Court; *John S. Lairy*, Judge.

Applications by Claude C. Bishop and another for letters of administration on the estate of George R. Hoopes, deceased, who was a resident of Pennsylvania. Pending the proceedings thereon Harry G. Reed and another, as executors under the will probated in Pennsylvania, sought to have the will admitted to record in this State and to have letters issued to themselves. From an order denying the admission of such will to record and appointing Claude C. Bishop administrator, this appeal is prosecuted. *Affirmed.*

*G. E. Ross,* for appellants.

*Rabb & Mahoney,* for appellee.

MYERS, J.—On March 9, 1911, George R. Hoopes, a resident of the state of Pennsylvania, departed this life testate in Cass county, Indiana. On March 20, 1911, the First National Bank of Logansport, Indiana, was a creditor of the decedent, and William W. Ross, its cashier, made application to the Cass Circuit Court, showing that decedent died in Cass county, leaving assets in that county, consisting of personal property of the value of about $7,000, that said estate was insolvent, and asked that letters of administration be issued to him as a representative of the largest creditor. On March 23, 1911, the last will of decedent, naming Florence W. Hoopes, his wife, and Harry G. Reed, of Logansport, Indiana, as executors, was probated in Chester county, Pennsylvania, and the persons so named in said will as executors were duly appointed, qualified and authorized to administer said estate under the laws of Pennsylvania. On March 23, 1911, appellee applied to the Cass Circuit Court to be appointed administrator of the estate of said decedent in Cass county, and on the same day a large number of creditors joined in a petition to the Cass Circuit Court, stating that said estate was insolvent, and asking that letters of administration be issued to said Bishop. On March 27, 1911, appellant Harry G. Reed tendered to the Cass Circuit Court a certified copy of said will and the proceedings relative to the probate thereof, among other things showing the appointment of himself and Florence W. Hoopes, as executor and executrix, respectively, and their qualification under the laws of Pennsylvania, and moved the court to order all of said proceedings recorded in the proper records of said court. At the same time said Reed and Hoopes applied to the court for letters testamentary, and in support of their applications the proceedings had in the state of Pennsylvania are fully shown; also that decedent left personal

property in Cass county, Indiana, of the probable value of $7,000, and negativing the specific grounds, proof of which, if made, would render them incompetent under §2737 Burns 1908, §2222 R. S. 1881. On June 6, 1911, the motion of appellant Reed was overruled, and his application, and the applications of Florence W. Hoopes, and of William W. Ross, were by the court denied, and the application of appellee, Claude C. Bishop, granted, and letters of administration issued to him. Bishop then qualified as such administrator, and is now acting in that behalf. Exceptions were reserved to each of these rulings, and by proper assignments of error they are now before this court for review.

The controlling question for decision is not one where a nonresident executor is offering to file a copy of his letters as evidence of his appointment, in order that he may commence and prosecute a suit in any court of this State in his trust capacity, as contemplated by §§2814, 2816 Burns 1908, §§2296, 2298 R. S. 1881, nor is there any issue tendered as to the validity of said will, bringing the question within §3158 Burns 1908, §2600 R. S. 1881. But it involves only the right of preference between foreign executors and a resident creditor to administer on personal property within the jurisdiction of the Cass Circuit Court.

Personal property, as a general rule, is subject to the law of the domicile of the testator, and under the facts in this case the decision of the Pennsylvania court, admitting the will to probate, was an adjudication of all questions relating to bequests therein of such property. *Evansville Ice, etc., Co.* v. *Winsor* (1897), 148 Ind. 682, 48 N. E. 592. The order and judgment of that court is not contravened nor rendered less effective by ancillary administration in this State, for the reason that such foreign executors, on a substantial compliance with our laws, will be entitled to receive for distribution, according to the will, any surplus in the hands of such ancillary administrator.

Reed and Hoopes presented to the Cass Circuit Court a copy of decedent's will, and the proceedings relative to its probate in the state of Pennsylvania, together with 3. their letters testamentary issued by a Pennsylvania court, not for the purpose of having the will probated in Cass county, Indiana, but to be filed and recorded. With this showing they insist (1) that they were entitled to have said will and proceedings duly recorded in the proper records of Cass county; (2) that they were entitled to preference in the issuance of letters testamentary over letters of administration to a resident creditor of decedent. The Cass Circuit Court had jurisdiction over all matters involved in this controversy (§2743 Burns 1908, §2228 R. S. 1881; *Williams* v. *Perrin* [1880], 73 Ind. 57) and appellants, as well as appellee, invoked the laws of this State for authority to administer on decedent's estate in Indiana.

Recognizing, as we must, the judicial acts of the Pennsylvania court, and conceding to Reed and Hoopes all the authority vested in them by that court, then before they 4. would be entitled to have the will and the probate thereof admitted to record as prayed, on the theory that they are interested therein, and that there is property "on which the will may operate", they must satisfy the court "that the instrument ought to be allowed as the last will of the deceased". §3151 Burns 1908, §2593 R. S. 1881.

The *ex parte* application of Reed to have the will filed and recorded was verified, and the copy appears to have been properly certified and authenticated, but the bill of 5. exceptions does not show that no other evidence was heard on the question as to whether or not the instrument tendered to the court was the last will of the decedent. In the absence of this showing, and with every reasonable presumption in favor of the proceedings and judgment of the trial court, we might assume that other evidence was heard from which the court found that the instrument tendered was not the last will of decedent. But conceding

that the court erred in not permitting the will to be
6. filed and recorded, no harm could possibly come to the
applicant, for the reason that it appears from the aggregate amount of the claims against decedent, held by Indiana residents, that there is not, at least in this State, sufficient personal property to pay them, and for the further reason that should it later appear that there is property here on which the will may operate, it would be the duty of the court, when such will or copy thereof is produced by any person interested therein, to order it filed and recorded.
§3151, *supra*. Nor was this error harmful as affect-
7. ing the right of Reed and Hoopes, or either of them,
to qualify as executors, for the reason that if the will had been admitted to record, there is no statute giving them preference over resident creditors.

In this case the decedent died testate, and while he left assets in Cass county, he was a resident of Pennsylvania, where his will was duly probated, and executors appointed, who sought letters testamentary from the Cass Circuit Court in preference to the granting of letters of administration to a resident creditor. The will was not probated nor offered for probate, consequently §2737 Burns 1908, §2222 R. S. 1881, which has reference to the issuing of letters when the will has been duly admitted to probate, can have no application to the facts before us.

Sections 2742, 2743, 2746 Burns 1908, Acts 1901 p. 281, §§2228, 2231 R. S. 1881, when read together and in connection with the facts disclosed by this record, furnished
8. the procedure and controlled the action of the Cass
Circuit Court in denying letters to appellants and granting them to appellee. Under §2742 Burns 1908, Acts 1901 p. 281, where a resident of this State dies intestate, letters of administration must be issued to eligible and qualified applicants in the order of their preference, as provided by this statute. *Cooper* v. *Cooper* (1909), 43 Ind. App. 620,

88 N. E. 341. But as decedent was a nonresident, his executors, under §2746, *supra,* on producing letters showing their appointment by the Pennsylvania court, were entitled to letters, in preference to all persons, "except creditors, legatees, and heirs of the deceased, entitled to distribution, who are inhabitants of this state." Reed was an inhabitant of this State, but he was not a creditor, legatee or heir of decedent. Hoopes was a legatee and a nonresident. Appellee was a resident creditor, and under the section of the statute last cited was entitled to letters, in preference to either of these appellants.

In the case of *Emmons* v. *Gordon* (1897), 140 Mo. 490, 499, 41 S. W. 998, 62 Am. St. 734, it is said: "But the weight of authority unquestionably is in accord with the rule announced by this court, through Sherwood, J., in *Cabanne* v. *Skinker* [1874], 56 Mo. [357], 367, in which it is said: 'So far as concerns the realty, a will beyond the jurisdiction where it is probated is inoperative, and has no extraterritorial force or validity; and the executor of such will cannot, because of his appointment in accordance with the laws of one State, thereby acquire authority to sue for, or in any manner intermeddle with, the property or effects of his testator, whether real or personal, in another State, unless the will be there proven, or the laws of such State dispensing with the probate anew confer the requisite permission.' "

In the case of *Fidelity Ins., etc., Co.* v. *Niven* (1878), 5 Houst. (Del.) 416, 432, 1 Am. St. 150, 159, it is said: "The law of ancillary administration is founded on the duty of every government to protect its own citizens in the enjoyment of their own property and the recovery of their debts, at the same time having due respect to the rights of foreign creditors. When the estate of a deceased person is solvent, there is no difficulty in applying its assets, and it is only in cases of insolvency that any question can arise as to the

order of payment of debts, and in such cases the law of the *situs* prevails over the law of the *domicile.*"

As between William W. Ross and this appellee, it must be said that appellee is a creditor within the meaning of the statute, and Ross only a representative of a creditor not authorized by law to act as an administrator. If the bank could not act, we know of no rule of law, or statute, conferring on its representative or agent authority not possessed by his principal. Ross not being a creditor within the meaning of the statute (*In re Owen's Estate* [1906], 30 Utah 351, 85 Pac. 277; *Myers* v. *Cann* [1894], 95 Ga. 383, 22 S. E. 611; *Glenn* v. *Reed* [1891], 74 Md. 238, 24 Atl. 155), he was not entitled to letters in preference to a creditor making his application within the time allowed by statute, and not shown to be ineligible or unqualified to act.

Judgment affirmed.

Lairy, J., not participating.

Note.—Reported in 97 N. E. 1023. See, also, under (1) 40 Cyc. 1374; (4) 40 Cyc. 1237; (5) 40 Cyc. 1358; (6) 40 Cyc. 1359; (8) 18 Cyc. 89. As to the effect within the state of the decedent's domicile of the probate of his will outside, see 113 Am. St. 211.