### BISHOP, ADMINISTRATOR v. ROSS.

[No. 8,692. Filed December 16, 1913. Rehearing denied May 14, 1914. Transfer denied July 1, 1914.]

1. APPEAL.—*Briefs.—Questions Reviewable.—Demurrer to Answer.* —Although appellant failed to set out in his brief the demurrer which was sustained to his answer, or the substance thereof, the omission was not fatal, where the answer was set out therein and was sufficient, since in such case the demurrer should have been overruled regardless of its form. p. 612.

2. APPEAL.—*Briefs.—Sufficiency.*—Appellant's brief will not be regarded as insufficiently complying with Rule 22, where it contains sufficient to advise the court without delay or difficulty of the questions involved, and of the facts out of which they arose. p. 612.

3. EXECUTORS AND ADMINISTRATORS.—*Ancillary Administration.— Privity.—Liability for Expenses.*—There is no privity between administrations granted in different jurisdictions upon the same estate, and there is no common liability for expenses incurred by each; hence the estate of a decedent, who was a nonresident of the State, which was being administered by an ancillary administrator under the jurisdiction of a circuit court of the State, was not liable for attorney's fees incurred by the executors of decedent's will acting under the jurisdiction and authority of the state of decedent's domicile. p. 612.

From Cass Circuit Court; *John S. Lairy*, Judge.

Action by George E. Ross against Claude C. Bishop, as administrator of the estate of George R. Hoopes, deceased. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Rabb & Mahoney,* for appellant.
*George E. Ross,* for appellee.

SHEA, J.—This action arose on a claim filed by appellee George E. Ross against the estate of appellant's decedent for legal services rendered Harry G. Reed, executor, and Florence W. Hoopes, executrix, named in decedent's will. A demurrer to appellee's claim was overruled, and appellant then filed a special answer averring substantially the following facts: Appellant's decedent, George R. Hoopes, died a nonresident of Indiana, but left assets and creditors in this State, also a will which was admitted to probate in Chester County, Pennsylvania, decedent's domicile, upon which letters testamentary were issued by the probate court of that county to Florence W. Hoopes, executrix, and Harry G. Reed, executor, named in the will. A certified copy of the proceedings of the probate court of Pennsylvania was filed in the office of the clerk of the Cass Circuit Court, and thereupon the parties claimed the right to have the will recorded here and to have letters testamentary issued, authorizing them to administer upon the assets belonging to the estate of the decedent in this State. At the same time, there was pending an application made by appellant for letters of administration upon said estate, showing that he was a resident creditor of decedent. A contest arose between the executors of the Pennsylvania will and appellant over the right to administer upon the assets of said estate in Indiana, which was decided in favor of appellant, and letters of administration duly issued to him thereon. An appeal was taken to this court by Florence W. Hoopes and Harry G. Reed, and the decision of the Cass Circuit Court was affirmed. *Reed* v. *Bishop* (1912), 51 Ind. App. 187, 97 N. E. 1023. The services for which appellee claims the right to an allowance against the estate being administered by appellant, were rendered under employment from, and at the special instance and request of the executors of the Pennsylvania will in the contest over the right to administer

on the assets in this State, and none of such services were rendered at the request or by authority of appellant or any other administrator appointed by the court below. The court sustained appellee's demurrer to the special answer. Finding and judgment in favor of appellee for the amount of his claim.

It is assigned that the court erred in overruling appellant's demurrer to appellee's claim; in sustaining appellee's demurrer to appellant's special answer, and in overruling appellant's motion for a new trial.

Complaint is made that neither the demurrer to the answer nor the substance thereof is set out in appellant's brief. The answer itself, however, is set out in full, and is, in the judgment of this court sufficient. The statute provides but one form of demurrer to an answer, namely, that the facts stated in the answer are not sufficient to constitute a cause of defense to the plaintiff's complaint, so that the rule which applies to demurrers to complaints is not strictly applicable to demurrers to answers, as the demurrer in this case should have been overruled without respect to its form. Appellee also insists that in other particulars appellant's brief is not in accordance with Rule 22 of this court, therefore no question is presented for decision. While appellant has not prepared his brief in all respects as required by the rule mentioned, "it is sufficient to advise this court without delay or difficulty of the questions involved in this appeal, and of the facts out of which such questions arose." *Indiana Union Traction Co.* v. *Heller* (1909), 44 Ind. App. 385, 388, 89 N. E. 419; *Howard* v. *Adkins* (1906), 167 Ind. 184, 186, 78 N. E. 665. It therefore sufficiently complies with the rule.

The sole question involved in this appeal is whether the estate of decedent, a nonresident of Indiana, being administered by appellant as ancillary administrator under the jurisdiction of the Cass Circuit Court of

this State, is liable for attorney's fees incurred by the executors of the will of decedent acting under the jurisdiction and authority of a foreign state. It is earnestly insisted on behalf of appellant that the Pennsylvania executors of the decedent had no authority to bind the decedent's estate in Indiana by any contract express or implied made with appellee; that there is no privity between the estate of the decedent being administered by appellant in this State, and the estate being administered in Pennsylvania by the executors of the will, therefore neither can impose a liability on the other. In the case of *McCord* v. *Thompson* (1884), 92 Ind. 565, the court said: "It is well settled that between different administrators in different States there is no privity. Each is accountable to the tribunal under which he exercises his trust, and administration upon assets which have properly come to the hands of an administrator under his appointment, and for which he is accountable to such legal tribunal, can not be impaired or abridged by a grant of administration to another person in another State. Each portion of the estate should be administered in the State in which possession is taken by an administrator pursuant to lawful authority."

It is the settled law that several administrations granted in different jurisdictions upon the same estate are each several and distinct, and have no privity with each other and can have no common liability for expense incurred by each. 1 Woerner, Am. Law of Administration (2d ed.) §§158, 160, 205; Story, Conflict of Laws (8th ed.) §§513, 532; *Graveley* v. *Graveley* (1885), 25 S. C. 1, 60 Am. Rep, 478, 482; *Slauter* v. *Chenowith* (1855), 7 Ind. 211; *McCord* v. *Thompson, supra; Braithwaite* v. *Harvey* (1894), 14 Mont. 208, 221, 222, 36 Pac. 38, 27 L. R. A. 101, 43 Am. St. 625; *Johnson* v. *Powers* (1891), 139 U. S. 156, 160, 11 Sup. Ct. 525, 35 L. Ed. 112; 18 Cyc. 1221. Section 158, Woerner, Am. Law of Administration, *supra,* contains this language: "The administration granted in the state of the domicil of

the decedent, is the principal, * * * administration, because the law of the domicil governs the distribution of the personal property, whether to heirs, distributees, or legatees; while that granted in any other country is ancillary or auxiliary. Both are local, however, to the jurisdiction in which they are granted, being limited to the chattels having a particular *situs,* independent of each other, save that the origin and devolution of property in each may be the same. It follows from this want of privity that a judgment obtained against one furnishes no cause of action against another, so as to affect assets under the control of the other.''

The services for which appellee seeks to charge the estate of decedent in Indiana were not rendered for the decedent, nor at his request. They were not rendered at the request of appellant, nor at the request of any one authorized to bind the estate being administered in Indiana by appellant, but at the request and on behalf of the executors acting under authority of the probate court of Pennsylvania. Under the law as stated, it is our opinion that appellee could not recover from the estate in the hands of appellant for administration the amount of his claim for services which were rendered at the request of the foreign executors. He must look to the source of his employment for his payment. The appellant in this case had the right to administer upon these assets because they were Indiana assets, and for the further reason that this court has expressly so held in this particular estate in *Reed* v. *Bishop, supra.*

Judgment reversed with instructions to overrule appellee's demurrer to appellant's special answer, and for other proceedings not inconsistent with this opinion.

NOTE.—Reported in 103 N. E. 505. As to ancillary administrators, the necessity of them and their powers, see 35 Am. Dec. 483. As to power of administrator to employ lawyer at estate's expense, see 93 Am. Dec. 393. See, also, under (1, 2) 2 Cyc. Anno. (1915) 1014-51; (3) 18 Cyc. 1226.