## WELLS *v.* VANDALIA RAILROAD COMPANY.

[No. 7,811. Filed November 25, 1913. Rehearing denied February 17, 1914. Transfer denied April 30, 1914.]

1. CONTRACTS.—*Assignment of Wages.—Statutes.—Validity.*—Section 7987 Burns 1914, Acts 1899 p. 194, §4, prohibiting the assignment of future wages by employes, is a constitutional and valid enactment. p. 216.

2. RAILROADS.—*Relief Associations.—Contracts. — Validity.* — The agreement in an application executed by a railroad employe for membership in a relief association maintained by the company in conjunction with other railroad companies, permitting the company to appropriate from his wages money for the payment of his dues, was in effect an assignment of future wages as contemplated by §7987 Burns 1914, Acts 1899 p. 194, §4, prohibiting such assignment, and was therefore unenforceable. p. 216.

3. RAILROADS. — *Relief Associations.* — *Contracts.* — *Validity.* — Although an assignment of future wages by a railroad employe for the payment of his dues in a relief association maintained by the company in connection with other railroad companies, made as a condition of membership in such association, was unenforceable, the entire contract of membership was not thereby invalidated; hence where such employe had without objection permitted the appropriation of money from his wages under such assignment, and had accepted and retained the benefits of membership in the association, he could not repudiate the entire contract as being void under §7987 Burns 1914, Acts 1899 p. 194, §4, prohibiting contracts for the assignment of future wages. p. 216.

4. RAILROADS.—*Relief Associations.*—*Contracts.*—*Validity.*—Under §5308 Burns 1914, Acts 1907 p. 46, relating to contracts of membership in relief associations maintained by railroad companies, any such contract whereby the employe joining the association in any way stipulates or agrees to surrender or waive any right of damage against the railroad company from personal injuries or death, is null and void, and the fact that a member of such an association has accepted and retained the benefits of membership under such a contract will not preclude him from asserting his claim for personal injuries received in the course of his employment. p. 218.

From Superior Court of Marion County (76,540); *James M. Leathers,* Judge.

Action by Fred Wells against the Vandalia Railroad Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Alvah J. Rucker* and *James E. Rocap,* for appellant.

*S. O. Pickens, Owen Pickens* and *R. F. Davidson,* for appellee.

IBACH, J.—This was an action brought to recover damages for personal injuries received by appellant while in the employ of appellee, and alleged to have been caused by appellee's negligence. The sole error assigned is in overruling appellant's demurrer to the second paragraph of appellee's answer.

This answer averred in substance the organization of a voluntary relief association by defendant and associated companies for the benefit of its employes, that the printed

book of regulations for the government and control of the
relief department was promulgated and circulated among
the employes of defendant, the plaintiff receiving a copy
thereof; that the object of the association was to create a
relief fund for the payment of definite amounts to sick or
disabled employes of defendant and associated companies;
that the defendant, by the provisions of the book of regula-
tions, with the other companies associated with it in main-
taining the relief fund, guaranteed the performance of the
obligations entered into by them in conformance to the regu-
lations, and obligated themselves to supply the facilities
necessary for its operation and management and have sup-
plied the necessary facilities for conducting the business of
the relief department; that defendant and associated com-
panies have performed all the terms and conditions required
of them by the agreement between the companies, and by
the regulations of the relief department; that defendant has
contributed $20,000 to the relief fund, that employes of de-
fendant were, under and in accordance with the regulations,
allowed to become members and beneficiaries of the relief
fund, their membership being voluntary, they becoming
members and resigning therefrom upon their own volition;
that under and in accordance with the regulations the mem-
bers of the relief fund were classified according to the
amount of pay they received, and the benefits were appor-
tioned according to this classification; "That on July 16,
1907, plaintiff, while in the employ of defendant, after hav-
ing received a copy of said book or regulations, desiring to
become a member of said relief fund under the terms and
conditions of said regulations as an employe of defendant
signed and delivered to said relief department his applica-
tion for membership in said relief fund on the said form
prescribed and set forth in regulation No. 23 of said book of
regulations, which application was duly approved by the
superintendent of said relief department, and the plaintiff
thereupon, on July 17, 1907, as an employe of defendant

became a member of said relief fund, and a certificate of membership, as provided in said book of regulations, was duly issued to him and he continued as such member of said relief fund and was a member thereof at the time of his injury described in the complaint and until he ceased to be an employe in the service of defendant. That the said application of the plaintiff for membership in said relief fund contains the following agreement upon his part: 'I agree that the acceptance of benefits from the said relief fund for injury or death shall operate as a release of all claims for damages against said company arising from such injury or death which could be made by or through me, and that I or my legal representatives will execute such further instrument as may be necessary formally to evidence such acquittance. I also agree that this application when appoved by the superintendent of the relief department, shall make me a member of the relief fund and constitute a contract between myself and the said company or with any other company that is now, or may hereafter be associated with said company in the management of the relief department in case of the transfer of my services to any such company during membership in the relief fund; and that the terms of this application and the regulations of said department shall during my membership, be a part of the conditions of my employment by the said company or either of said companies; and that the same shall not be avoided by any change in the character of my service or locality where rendered, while in such employment, nor any change in the amount applicable from my wages to the relief fund which I may hereafter consent to, and that the agreement that the above-named amount shall be appropriated from my wages shall apply also to any other amount arising from changes as aforesaid, and shall constitute an appropriation and assignment in advance to the said company or other associated company in trust for the purpose of the relief fund of such portions of my wages, which assignment shall have precedence over any

other assignment by me of my wages, or of any claim upon them on account of liabilities incurred by me. I also agree for myself and those claiming through me to be specially bound by regulation No. 65 providing for final and conclusive settlement of all disputes by reference to the superintendent of the relief department and an appeal from his decision to the advisory committee.'" That under the terms of plaintiff's membership in the relief fund he was entitled to receive benefits from the fund, when disabled from accident, of 50 cents per day for each day of disability; that after plaintiff received the injuries described in the complaint, he claimed benefits from the relief fund on account of the disability caused, and accepted the sum of $6 for twelve days' disability; that therefore the plaintiff is not entitled to recover in this action.

Appellant contends that the above paragraph of answer is bad, for the reason that it depends entirely for its sufficiency in law upon a void contract of membership in the alleged relief fund and voluntary relief association, and that the alleged contract of membership of appellant in the relief fund and association is void, first, because it is based and rooted solely and entirely on an assignment in advance of wages to be earned by appellant in the future, contrary to and in open violation of §7987 Burns 1914, Acts 1899 p. 194, §4. This section is in the following words: "The assignment of future wages, to become due to employes from persons, companies, corporations, or associations affected by this act, is hereby prohibited, nor shall any agreement be valid that relieves said persons, companies, corporations or associations from the obligation to pay weekly, the full amount due, or to become due, to any employe in accordance with the provisions of this act, *Provided,* That nothing in this act shall be construed to prevent employers advancing money to their employes." It is urged that the clause in the application for membership in the relief association, "I also agree  *  *  *   that the agreement that the above named

amount shall be appropriated from my wages shall  *  *  *
constitute an appropriation and assignment in advance to
the said company or other associated company in trust for
the purpose of the relief fund of such portions of my wages,
which assignment shall have precedence over any other as-
signment by me of my wages, or of any claim upon them on
account of liabilities incurred by me,'' plainly declares an
illegal assignment of future wages.  The above sec-
tion of the statute has been held to be constitutional
and valid.  *International Text-Book Co.* v. *Weissing-
er* (1903), 160 Ind. 349, 65 N. E. 521, 65 L. R. A. 599,
98 Am. St. 334.  We have no doubt that the assign-
ment of wages contemplated by the application for
membership in the relief fund association is such an
assignment as is prohibited by §7987, *supra*.  How-
ever, we do not take it that this provision for assign-
ment invalidates the entire contract.  The assignment could
not be enforced by the railroad company or the relief asso-
ciation.  But appellee permitted his wages to be taken by
virtue of the assignment, without objection, so far as it ap-
pears.  The cases which have construed this provision of the
statute have been cases in which an action was brought to
enforce the assignment.  None of them goes to the extent of
holding that when an agreement involving the assignment
of future wages has been executed fully and the party who
assigned his wages has paid in full the consideration, and
had the use of and retains possession of whatever he pur-
chased or obtained by means of the assignment, he may then
recover the payments voluntarily made.  We believe that
this statute should be construed as rendering an assignment
of future wages invalid in the sense that it cannot at any
time be enforced against the party assigning, but not as
allowing the party who has received benefits because of pay-
ments voluntarily made by such assignments, to both retain
the benefits and repudiate the contract by which he received
them.  We do not think that the decision in the case of

*International Text-Book Co.* v. *Wessinger, supra,* precluded the company from suing Weissinger on account for the value of the books. That decision merely held that the company could not recover on the assignment of wages. So in this case Wells having voluntarily paid the assessments can not accept the benefits obtained thereby and at the same time repudiate *in toto* the contract by which he obtained the right to such benefits. The illegal portion of this contract providing for the assignment of future wages is separable from the other portions. An assignment of future wages is separable from the other portions of an otherwise legal contract, and while the assignment is unenforceable, this should not prevent the enforcement of the legal obligations entered into by the same contract. Because a contract contains one illegal provision it does not necessarily follow that the entire contract is illegal and void. See, 2 Elliott, Contracts §§1060-1107. In 1899, when §7987, *supra,* was enacted, relief fund contracts such as the one under consideration were upheld by our courts. *Lease* v. *Pennsylvania Co.* (1893), 10 Ind. App. 47, 37 N. E. 423; *Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345, 53 N. E. 290, 44 L. R. A. 638; *Pittsburg, etc., R. Co.* v. *Hosea* (1899), 152 Ind. 412, 53 N. E. 419; *Pittsburgh, etc., R. Co.* v. *Gipe* (1903), 160 Ind. 360, 65 N. E. 1034. The contract of membership entered into by Wells, so far as §7987, *supra,* applies, was unlawful only in the manner in which it provided for the payment of dues. To become a member of the relief association was not made unlawful by §7987, *supra,* and it is averred in the answer under consideration that Wells voluntarily became a member. Wells did not object to the enforcement of the assignment, and when injured asserted his rights as a member of the relief association, obtaining benefits for injuries sustained. It might have been possible for him to have become a member without such assignment, and in such case §7987, *supra,* could not affect any portions of the contract. Conceding that the agreement for assignment of

future wages was void, yet neither party refused to carry it out, and so far as that assignment is concerned, the court will leave the parties where it finds them, and consider Wells a member of the relief association, as he was considered by himself and by the management of that association, whose acceptance of benefits under his contract of membership binds him to the conditions of that acceptance, in so far as §7987, *supra,* is concerned.

But there is another statute which absolutely forbids and makes void a contract with a relief association such as Wells entered into, and under that statute, which will be 4. presently considered, Wells' acceptance of benefits from the relief association would have absolutely no effect to release the railroad from claims for damages for the injury, for which benefits were accepted. It is asserted that the contract between Wells and the relief association by which he agreed to release the railroad company from damages if he accepted benefits was void under the act of 1907 (Acts 1907 p. 46, §5308 Burns 1914), entitled "An act to regulate the relief associations which are in operation on railroads in the State of Indiana," in the following words: "Be it enacted by the general assembly of the State of Indiana, That no railroad company now existing or hereafter created, under and by virtue of the laws of this state or any other state or country, and having and operating a line of railway in this state, may establish or maintain, or assist in establishing or maintaining any relief association or society, *the rules or by-laws of which shall require of any person or employe becoming a member thereof to enter into a contract, agreement or stipulation, directly or indirectly, whereby such person or employe shall stipulate, or agree to surrender or waive any right of damage* against any railroad company for personal injuries or death, or whereby such person or employe agrees to surrender or waive, in case he asserts such claim for damages, any right whatever, and any

such agreement or contract, so signed by such person, shall be null and void.''

It appears from the allegations of the answer that the regulations of the relief association prescribed and required the agreement which Wells signed when he became a member thereof. Is this agreement such a one as is interdicted by the section of the statute just quoted? We think that it is. In order to become a member of the relief association Wells, in signing the required form of application, agreed that the acceptance of benefits from the relief fund should release the railroad company from all claims for damages. It was stipulated that he would thus surrender his right of damages against the railroad for personal injuries or death. The fact that the agreement to surrender such right was conditioned upon his accepting benefits does not prevent its falling within the prohibition of the statute. The statutory prohibition is not limited to unconditional agreements. It may also be said that this agreement, though not in direct terms, requires one asserting his claim for damages against the railroad company to waive his rights to benefits from the relief association. Such is the effect of the stipulation that the acceptance of benefits is a release of claims against the railroad company. The agreement signed by Wells would thus fall under both prohibitions of the statute.

The court erred in overruling appellant's demurrer to appellee's second paragraph of answer, and for this error the judgment is reversed.

NOTE.—Reported in 103 N. E. 360. As to upholding contract so far as valid when invalid in part, if separable, see 117 Am. St. 498. As to the validity of assignment of wages to be earned, see 5 L. R. A. (N. S.) 565; 5 Ann. Cas. 64. On the constitutionality of statute restricting right to assign salary or wages, see 28 L. R. A. (N. S.) 1108; 43 L. R. A. (N. S.) 746. On the question of the validity of a provision in contract of railroad relief department for forfeiture of benefits in case of suit against company for damages, see 10 L. R. A. (N. S.) 198. For contracts requiring servant to

elect between acceptance of benefits out of a relief fund and a prosecution of his claims in an action for damages, see 11 L. R. A. (N. S.) 182. See, also, under (1) 4 Cyc. 17; (2, 3) 26 Cyc. 1049; (4) 26 Cyc. 1096.