## THE BALTIMORE AND OHIO RAILROAD COMPANY
## *v.* MILLER.

[No. 22,542. Filed January 29, 1915. Rehearing denied
June 15, 1915.]

1. CONTRACTS.—*Partial Invalidity.—Railroad Relief Association.*—
A contract executed in 1895 between a railroad relief associa-
tion and an employe for the payment of relief benefits to the
latter in case of injury, subject to certain rules embraced therein,
among which were rules providing that benefits were not payable
except upon the execution of a release relieving the railroad
company from liability for damages, etc., was an indivisible
contract and, since a contract of that character may be rendered
wholly void by subsequent legislation, the provisions of the Fed-
eral Employer's Liability Act of 1908 (35 U. S. Stat. at Large
65, Chap. 149), that any contract intended to enable a common
carrier to exempt itself from liability should to that extent be
void, had the effect of rendering unenforceable any of the other
provisions of such contract. p. 326.

2. CONTRACTS.—*Railroad Relief Associations.—Statutes.*—The pro-
visions of §5308 Burns 1914, Acts 1907 p. 46, in so far as they
relate to interstate carriers, were superseded by the Federal
Employer's Liability Act of 1908 (35 U. S. Stat. at Large 65,
Chap. 149), and are therefore inapplicable in testing the validity
of a contract with a railroad employe for the payment of cer-
tain benefits subject to regulations for the exemption of the rail-
road company from liability in an action for damages; and in
the absence of the Federal statute such provisions could not affect
a contract executed prior to its enactment. p. 328.

From Dekalb Circuit Court; *Frank M. Powers,* Judge.

Action by Charles W. Miller against The Baltimore and
Ohio Railroad Company. From a judgment for plaintiff,
the defendant appeals. *Reversed.*

*Calhoun, Lyford & Sheean, Mountz & Brinkerhoff,* and
*Charles D. Clark,* for appellant.

*Frank S. Roby, Ward H. Watson, Sol H. Esarey* and *E. D.
Salsbury,* for appellee.

MORRIS, J.—Appellee sued appellant for benefits alleged
to be due him as a member of appellant's relief depart-
ment. An answer in four paragraphs was filed, the first

of which was a general denial. Appellee's demurrer to the second, third and fourth paragraphs was sustained. Trial by the court and finding and judgment for appellee. Appellant's motion for a new trial, averring the insufficiency of the evidence, in law and fact, to sustain the decision, was overruled. There was no conflict in the evidence. The rulings of the court on the demurrer to the second and third paragraphs of answer, and on the motion for a new trial, are assigned as error. Each of the rulings presents for review the same legal question.

The complaint alleges that appellant is a railway corporation engaged in interstate commerce; that in 1889 it organized a department of its service called its relief department; that it promulgated written regulations for the government and administration of such department, copies of which are filed with the complaint as exhibits; that in 1886 appellee was employed as locomotive fireman, and in 1891 applied for membership in the relief department, and his application was accepted; that afterwards in 1892 appellee was promoted to the position of locomotive engineer, and thereupon he was admitted to "full membership" in said department and became entitled to all the benefits secured to members of a named class of the department; that pursuant to the regulations appellee has paid to the department $48 per annum since 1895, and became entitled to certain benefits in event of injury or sickness; that he has performed all conditions required of him by the regulations; that in March, 1909, while running one of appellant's locomotives from Chicago, Illinois, east through Indiana, to Baltimore, Maryland, because of appellant's negligence, he suffered injuries which resulted in his permanent disability, which, under the regulations, entitled him to benefits from the relief department of $2 per day for one year after the accident, and to $1 per day thereafter so long as the disability might continue; that appellee was paid the bene-

fits due him from the date of the injury up to April, 1912, when appellant refused to further pay benefits, because, at that time, appellee recovered judgment against appellant in the United States Circuit Court for the District of In-- diana, for damages for his injuries; that the disability still continues and he prays judgment for $349.

The second paragraph of appellant's answer avers that appellee, in 1895, applied for membership in the relief department, and sets out a copy of the application; that the application was accepted and a certificate was issued to him, a copy of which is exhibited; that in the application for membership, and in the regulations of the relief department, a copy of which is filed as an exhibit, it is provided that if suit should be brought by appellee against appellant for damages for personal injuries sustained, no further benefits on account of such injury should be paid, but that all right thereto should be forfeited unless such suit should be dismissed; that in March, 1911, appellee sued appellant for damages for the same injury for which he is claiming benefits from the relief department, and afterwards, in May, 1912, recovered judgment for $5,000, which was paid, and that appellee is thereby precluded from recovering further benefits.    The third paragraph of answer avers the same facts as the second, and contains also other averments, which we do not set out.

The regulations exhibited are very long.    From them, and the evidence, it appears that the relief department was organized in 1889; that appellant assumed general charge of the department, furnished office room and furniture, gave the services of its accountants and other officers and employes in the administration of the trust, became custodian of the relief funds and paid interest thereon and guaranteed the faithful performance of the obligations of the relief department; that by §4 of the regulations, appellant promised to contribute $6,000 annually for the support of the

relief department, unless not needed, in which event the same amount was to be added to its contribution to the "Pension Feature". Section 52 of the regulations, provides:

> "In the event of disability or death from accidental injuries, the benefits herein promised shall not be payable or paid until there be first filed with the superintendent of the relief department, releases satisfactory to him, releasing the company * * *, from all claims for damages by reason of such injury or death, * * *."

Section 53 of the regulations reads as follows:

> "Should suit be brought by a member, * * * for damages on account of injury * * * of such member, no benefits on account of such injury * * * shall be paid, but all claims to such benefits under these regulations shall be *forfeited*, unless such suit be discontinued and all costs incurred by the defendant therein paid by the plaintiff before any hearing or trial on demurrer or otherwise. * * *."

In April, 1908, Congress passed what is commonly known as the Federal Employer's Liability Act. 35 U. S. Stat. at Large 65, Chap. 149. Section 1 of the statute

1.  makes interstate carriers liable for certain negligent injuries to employes. Section 5 reads as follows: "That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from liability created by this act, shall to that extent be void; *Provided*, that in any action brought against any such common carrier under or by virtue of any of the provisions of this act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought." Previous to the 1908 enactment of Congress, relief department contracts, similar to the one here in controversy, were usually held valid. *Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345, 53 N. E. 290, 44 L. R. A. 638, and authorities cited; Monographic note to

*Frank* v. *Newport Mining Co.* (1907), 11 L. R. A. (N. S.) 182. In *Philadelphia, etc., R. Co.* v. *Schubert* (1912), 224 U. S. 603, 32 Sup. Ct. 589, 56 L. Ed. 911, it was held that a clause of a relief contract similar to the provisions of §52 of the regulations in controversy here, was rendered invalid by §5 of the Employer's Liability Act of 1908, and counsel for appellant concede that in an action by one of its relief department employes against it for personal injuries said §52 would properly be held void, but claim that §53 of the regulations, above quoted, in no wise conflicts with §5 of the act of Congress. Counsel for appellee contend that said §53 is also void but that the void provisions are properly severable from the other portions of the contract and with such invalid provisions severed the remaining provisions are enforceable. The contract was valid, in all its parts, when executed. But a valid contract, if indivisible, may be rendered wholly void by subsequent legislation. *Heart* v. *East Tenn. Brew. Co.* (1908), 121 Tenn. 69, 113 S. W. 364, 19 L. R. A. (N. S.) 964, 130 Am. St. 753. Appellant contends that this contract is indivisible and that if §53 be held abrogated by the act of Congress, or void for other reason, the entire contract falls and no obligation remains for enforcement in appellee's favor. We are constrained to accept the view that the entire contract falls, if it is indivisible, and first determine whether the contract is severable, for otherwise appellee has no cause of action.

It was manifestly the intention of the parties, when appellee became a member of the relief association, that the pursuit of one remedy should operate as an abandonment of the other. Appellee had his choice of one of the two methods of relief, but could not resort to both. *Pittsburgh, etc., R. Co.* v. *Moore, supra.* The two remedies were interdependent. If appellee should be indemnified by the payment of a judgment in tort, the satisfaction of the judgment would, under the contract, operate as an acquittance of all benefit obligations on the part of the relief association, and on the other

hand a resort to association benefits would operate as an abandonment of the right to sue in tort. The contract was indivisible, and if it be conceded, as appellee contends, that the act of Congress invalidates §53 of the regulations, forming a part of the contract, it must be held that the entire contract falls, and appellee is left without any cause of action thereon. *Chicago, etc., R. Co.* v. *Southern Ind. R. Co.* (1906), 38 Ind. App. 234, 241, 70 N. E. 843, and authorities cited; *Consumers Oil Co.* v. *Nunnemaker* (1895), 142 Ind. 560, 41 N. E. 1048, 51 Am. St. 193; *James* v. *Jellison* (1884), 94 Ind. 292, 48 Am. Rep. 151; *Cleveland, etc., R. Co.* v. *Hirsch* (1913), 204 Fed. 849, 123 C. C. A. 145; *Trent Import Co.* v. *Wheelright* (1912), 118 Md. 249, 261, 84 Atl. 543; 9 Cyc. 566; 2 Parsons, Contracts (9th ed.) *672-*676; Clark, Contracts 472. As a matter of course, if §53 is valid, under the Congressional act, it precludes a recovery by appellee, but it is unnecessary for us to determine such matter where, as here, the contract is not divisible.

Counsel for appellee suggest that said §53 is invalid because of the provisions of the Indiana act of 1907. Acts 1907 p. 46, §5308 Burns 1914. This act was passed long after the execution of the contract, and if applicable thereto, would violate Art. 1, §10, of the Federal Constitution which prohibits any state from passing a law impairing the obligation of a contract. Moreover, if the act of 1907 when enacted, had the effect claimed by appellee, it was superseded by the act of Congress of 1908 in so far as it related to interstate carriers. And, in any event, the provisions of the contract being dependent and not severable, appellee would derive no advantage if §53 of the regulations were held void. Judgment reversed with instructions to sustain appellant's motion for a new trial and to overrule the demurrer to the second and third paragraphs of appellant's answer.

NOTE.—Reported in 107 N. E. 545. As to when contracts are deemed to be impaired by statute, see 79 Am. Dec. 495. As to the

validity under the Federal Employer's Liability Act of stipulations as to the effect of the acceptance of benefits for injury or death under contract of membership in railway relief department, see 47 L. R. A. (N. S.) 38. On the validity of a provision in a contract of a railroad relief department for forfeiture of benefits in case of suit against company for damages, see 10 L. R. A. (N. S.) 198. On the question of the validity of contracts requiring servant to elect between the acceptance of benefits out of a relief fund and a prosecution of his claims in an action for damages, see 11 L. R. A. (N. S.) 182; 48 L. R. A. (N. S.) 440. See, also, under (1) 9 Cyc. 576, 564; 26 Cyc. 1096; (2) 7 Cyc. 421; 8 Cyc. 998; 36 Cyc. 1210.