# BOES v. GRAND RAPIDS AND INDIANA RAILROAD COMPANY.

[No. 8,527. Filed March 12, 1915. Rehearing denied June 22, 1915.]

1. APPEAL—*Briefs.—Sufficiency.*—Where appellant's brief is so prepared that any member of the court may know from it alone, without reference to the record, the exact question which the court is called on to determine, it is sufficient, even though the exact letter of the rules have not been complied with in every respect. p. 274.

2. APPEAL.—*Assignment of Errors. — Signature. — Sufficiency.*— Where the names of appellant's attorneys appeared below the assignment of errors in typewriting, instead of being signed by them in person, and the record disclosed that the same attorneys were appellant's attorneys in the lower court, the assignment was not open to attack on the ground that it was not signed. p. 274.

3. RAILROADS.—*Relief Associations.—Contracts.—Validity.*—Under §5308 Burns 1914, Acts 1907 p. 46, any contract of membership in a relief association maintained by a railroad company, whereby the member in any manner agrees to surrender or waive any right of damage against the railroad company on account of personal injury or death, is null and void; hence an answer setting up such a contract and the acceptance of benefits thereunder did not state facts constituting a defense to an action for damages to an injured employe. pp. 275, 276.

4. APPEAL. — *Questions Reviewable. — Rulings on Demurrers. — Memorandum of Defects.—Scope of Review.*—The court on appeal may look beyond the grounds stated in the memorandum of defects to uphold the action of the lower court in sustaining a demurrer, but it will not look beyond such grounds to overthrow the overruling of a demurrer. p. 276.

5. PLEADING.—*Demurrer to Answer.—Memorandum of Defects.*— Under §344 Burns 1914, Acts 1911 p. 415, a memorandum of defects must accompany a demurrer to an answer. p. 276.

6. APPEAL.—*Questions Reviewable.—Demurrer to Answer.—Validity of Contract.—Memorandum of Defects.—Sufficiency.*—Where defendant railroad company answered that plaintiff was a member of a relief association maintained by defendant and had accepted benefits on account of his injuries, etc., a memorandum of defects accompanying a demurrer to such answer, setting out that the contract relied on was void because it was an attempt by the company to exonerate itself by contract from the results of its own negligence, was sufficient to warrant the court in taking into consideration the provisions of §5308 Burns 1914,

Boes *v.* Grand Rapids, etc., R. Co.—59 Ind. App. 271.

Acts 1907 p. 46, relating to contracts of membership in railroad relief associations, in determining the sufficiency of such answer to withstand the demurrer. (*Stiles* v. *Hasler* [1914], 56 Ind. App. 88; *State, ex rel.* v. *Bartholomew* [1911], 176 Ind. 182; *Spiro* v. *Robertson* [1914], 57 Ind. App. 229; and *Blair Baker Horse Co.* v. *Railroad Transfer Co.* [1915], 59 Ind. App. 505, distinguished.) pp. 276, 278.

From Jay Circuit Court; *James J. Moran*, Judge.

Action by Orla F. Boes against the Grand Rapids and Indiana Railroad Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*John F. LaFollette* and *Emerson McGriff*, for appellant. *Roscoe D. Wheat*, for appellee.

Hottel, C. J.—Appellant filed in the trial court a complaint in one paragraph in which he sought to recover from appellee, damages for personal injuries alleged to have resulted from appellee's negligence. A demurrer to the complaint for want of facts was overruled. Appellee then filed an answer in three paragraphs, the first of which is a general denial, the second, a plea of payment, and the third, an affirmative answer setting up in detail facts showing that prior to appellant's employment by appellee, it, with its associated companies, had organized a relief department which it thereafter continuously maintained; that such department was organized and maintained for the benefit of injured and disabled employes of appellee, and its associated companies, the object and purpose of such relief department being to provide a fund out of which a definite amount should be paid to injured and disabled employes who contributed to such fund out of the wages earned by them while in the employ of appellee, and its associated companies, and, in the event of the death of any such employe a definite amount was to be paid to his relatives or beneficiaries named in his application. The answer also averred, in effect, that at the time appellant was employed

by appellee he signed an application to become a member of such relief department; that his application was accepted and that he was a member of such department in good standing when injured; that after his injury there was paid to him, on orders drawn by the treasurer of such department, benefits, to which he was entitled as a member thereof, amounting in the aggregate to $196.50; that each of such orders was received by appellant and endorsed by him, and that he received and retained the money paid thereon. A copy of appellant's application for membership in said relief department, and the several orders on which said benefits were paid are each set out in the answer.

A demurrer was filed to this answer, accompanied by the following memorandum: "1. That said answer sets up an attempt on the part of the defendant to avoid Section No. 8020 of the Revised Statutes of 1908 of Indiana. 2. That said answer sets up and avers upon a contract that is in violation of section 8020 R. S. of 1908, and attempts to avoid said section of the Statutes. 3. That the contract set up in said third paragraph of answer is void for the want of mutuality. 4. Because it is without consideration. 5. That said contract is between this plaintiff and a voluntary relief association and defendant is not a party thereto. 6. Said contract is void because it is an attempt by the company to exonerate itself by contract from the results of its own negligence."

This demurrer was overruled and appellant filed a reply in two paragraphs, the first of which is a general denial. A demurrer to the second paragraph of reply was sustained, whereupon appellant withdrew his reply of general denial and elected to stand on his affirmative reply, and the court then rendered judgment for appellee, that appellant take nothing by his complaint, etc. From this judgment appellant appeals and assigns as error in this court: (1) the overruling of his demurrer to appellee's third paragraph

of answer; (2) the sustaining of appellee's demurrer to appellant's second paragraph of reply.

It is very earnestly insisted by appellee that no question is presented for our consideration by appellant's brief because of the failure to comply with the rules of the court. Without indicating the several objections urged against such brief, it is sufficient to say that it not only evidences a good-faith effort to comply with such rules; but it does in fact substantially comply with them, when such rules are read in the light of the construction placed on them by both this court and the Supreme Court. The brief sets out in full, the complaint, the third paragraph of answer, the second paragraph of reply and the respective demurrers to each of such pleadings and the memorandum accompanying each respective demurrer, and indicates the respective rulings on each of said demurrers and the exceptions thereto, and the errors assigned and relied on for reversal. While it does not in every respect follow the exact letter of the rules, it is so prepared that any member of the court may know from it alone, without reference to the record, the exact question which the court is called on to determine, and hence, is sufficient to present such question. *Bishop* v. *Ross* (1914), 56 Ind. App. 610, 103 N. E. 505; *Joseph E. Lay Co.* v. *Mendenhall* (1913), 54 Ind. App. 342, 102 N. E. 974.

It is also insisted by appellee that the assignment of error is defective because not signed and for this reason presents no question. This contention is based on the fact that the names of appellant's attorneys, viz., "LaFollette & McGriff, Attorneys for Appellant," which appears below such assignment of error is written with a typewriter instead of being signed by the attorneys in person. It is true, as appellee contends, that an assignment of errors is in the nature of a pleading, and should be signed by the party or his attorneys. *State, ex rel.* v. *Delano* (1870), 34 Ind. 52; *Thoma* v. *State* (1882), 86 Ind.

182; *H. B. Smith Co.* v. *Williams* (1902), 29 Ind. App. 336, 63 N. E. 318; *Rubey* v. *Hough* (1903), 161 Ind. 203, 204, 67 N. E. 257; Ewbank's Manual §131; §§364, 696 Burns 1914, §§358, 655 R. S. 1881. The authorities cited, however, do not go to the extent of holding that every pleading filed in a proceeding must be signed in the handwriting of the party or his attorney. In the case of *Hamilton* v. *State* (1885), 103 Ind. 96, 2 N. E. 299, 53 Am. Rep. 491, the Supreme Court held that the name of a prosecuting attorney appearing on an indictment in print was a sufficient compliance with a statute requiring such indictment to be signed by such prosecuting attorney. See also, *Mezchen* v. *More* (1882), 54 Wis. 214, 11 N. W. 534; *Barnard* v. *Heydrick* (1866), 49 Barb. 62, 69; *Herrick* v. *Morrill* (1887), 37 Minn. 250, 33 N. W. 849, 5 Am. St. 841; *Brown* v. *Butchers, etc., Bank* (1844), 6 Hill. (N. Y.) 443, 41 Am. Dec. 755. It appears from the record in this case that LaFollette and McGriff were the attorneys of record below, and represented appellant in the proceedings there had. They are not questioning the validity of the signature to such assignment of errors, but are asserting its validity. Under such circumstances we think the fact of their names appearing below the assignment of errors in this court as the attorneys for appellant, though typewritten is a sufficient signing by them to withstand an attack of the character here made.

When we reach the merits of the question presented by this appeal we find that it is completely controlled and disposed of by the case of *Wells* v. *Vandalia R. Co.* 3.  (1914), 56 Ind. App. 211, 103 N. E. 360. The answer to which appellant's demurrer was overruled was practically the same as in that case. The provisions of the rules and regulations of appellee's relief department and the application signed by appellant as set out in the answer in the instant case are substantially, if not identically, the same as those set out in the answer considered by this court in the case cited. However, it is very earnestly

insisted by appellee that this court is bound by the memorandum filed with appellant's demurrer and can not look beyond the grounds therein stated in determining whether the court correctly ruled on such demurrer, and that neither ground of such memorandum mentions §5308 Burns 1914, Acts 1907 p. 46, or attacks the contract set up in such answer because of its being in violation of such statute. Section 2 of the act of 1911 (Acts 1911 p. 415, §344 Burns 1914), as construed by this court applies to an answer and a memorandum must therefore accompany a demurrer to an answer. *Quality Clothes Shop* v. *Keeney* (1915), 57 Ind. App. 500, 106 N. E. 541. It is also true that while this court may look beyond the grounds stated in such memorandum to uphold a ruling of the trial court in sustaining a demurrer, it will not look beyond such grounds to overthrow a ruling of such court overruling a demurrer. *Bruns* v. *Cope* (1914), 182 Ind. 289, 105 N. E. 471.

It becomes necessary, under these holdings, for us to determine whether the grounds of appellant's demurrer to said answer will permit us to take into account §5308, *supra,* before we may consider such section in determining the question presented by the ruling on said demurrer. It will be observed from the grounds of such demurrer above set out that no reference is specifically made to such section of the statute. However, the sixth ground of the memorandum expressly challenges such answer on the ground that the contract relied on therein is void because "it is an attempt by the company to exonerate itself by contract from the results of its own negligence." Section 5308, *supra,* provides as follows: "That no railroad company now existing, or hereafter created, under and by virtue of the laws of this state or any other state or country, and having and operating a line of railway in this state, may establish or maintain, or assist in establishing or maintaining any relief association

or society, the rules or by-laws of which shall require of any person or employe becoming a member thereof to enter into a contract, agreement or stipulation, directly or indirectly, whereby such person or employe shall stipulate, or agree to surrender or waive any right of damage against any railroad company for personal injuries or death, or whereby such person or employe agrees to surrender or waive, in case he asserts such claim for damages, any right whatever, and any such agreement or contract, so signed by such person shall be null and void.'' It will be seen that this section, by its express language, renders void any contract of the character indicated in said sixth ground of appellant's memorandum, viz., any contract which attempts ''to exonerate such a company from the results of its own negligence.'' While it is true that the trial court did not have its attention directly called to such section of the statute by such memorandum, yet, we are of the opinion that the ground of the memorandum indicated required the application of §5308, *supra,* to such answer in determining the question of its sufficiency. This being true the case, as hereinbefore stated, is controlled by the case of *Wells* v. *Vandalia R. Co., supra.* On the authority of that case appellee's third paragraph of answer must be held insufficient and the judgment below reversed on account of the trial court overruling the demurrer thereto. This conclusion renders unnecessary a consideration of the ruling on appellee's demurrer to the second paragraph of reply. Judgment reversed with instructions to the trial court to sustain appellant's demurrer to appellee's third paragraph of answer and for such other proceedings as may be consistent with this opinion.

Caldwell, P. J., Ibach, Felt and Shea, JJ., concur.

Moran, J., not participating.

## On Petition for Rehearing.

Hottel, J.—In a petition for rehearing it is very earnestly urged by appellee that this court erred in its original opinion in holding that the memorandum filed with the demurrer to the answer herein presented the question of the sufficiency of such answer under §5308 Burns 1914, Acts 1907 p. 46. It is claimed that the opinion in such respect runs counter to all other opinions, both of the Supreme Court and this court, rendered, either before or since, the opinion in the instant case was rendered. In support of this contention appellant cites: *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878; *State, ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 95 N. E. 417, Ann. Cas. 1914 B 91; *Spiro* v. *Robertson* (1914), 57 Ind. App. 229, 106 N. E. 726; *Blair Baker Horse Co.* v. *Railroad Transfer Co.* (1915), 59 Ind. App. 505, 108 N. E. 246.

The cases cited are easily distinguishable from the instant case. An examination of them will disclose that the memorandum involved in each attempted to point out in the pleading to which it was addressed some omitted fact or some infirmity in the pleading resulting from a defective or insufficient averment of fact, while in the instant case the grounds of the memorandum relied on are not grounds or objections based on the absence from the answer of any averment of a particular fact or facts, nor are such grounds based on the insufficiency of the averment of any particular fact or facts, but on the contrary, the grounds of the memorandum here involved are evidently intended to challenge the legality or validity of the contract on which the answer is based. The memorandum in either case must state the grounds of the objection to the pleading, but where the pleading is challenged because of the absence of a necessary averment or because of some infirmity in the manner of pleading, the trial court is entitled to have its attention specially called to the omitted averment or the particular

Boes *v.* Grand Rapids, etc., R. Co.—59 Ind. App. 271.

infirmity relied on, and the demurring party should not be permitted, under the statute in question, by the use of uncertain or ambiguous language in his memorandum, to cover up or conceal the real infirmity in the pleading of facts which he intends to present to the appellate tribunal; but where, as in this case, the ground of the memorandum challenges the pleading in its entirety because of the invalidity or the illegality of the contract on which it is based, such challenge is sufficient to present such question, without pointing out the particular statute on which such invalidity is based. The court being charged with the knowledge of the law, there could be no good reason for holding that a memorandum in such a case should point out the specific statute which rendered invalid the contract so challenged. Section 344 Burns 1914, Acts 1911 p. 415, does not require the demurring party to cite the statute or decisions on which he bases the ground of objection stated in his memorandum.

Where, as in this case, the trial court has its attention called to the invalidity of the contract on which the pleading is based, and the reason for its invalidity, §344, *supra,* has been substantially complied with and in such a case it would be a miscarriage of justice to permit a claim, otherwise meritorious, to be defeated by a contract made in violation of an express statute. The petition for rehearing is therefore overruled.

NOTE.—Reported in 108 N. E. 174; 109 N. E. 411 See, also, under (1) 3 C. J. 1409; 2 Cyc. 1913 Anno. 1013-36; (2) 3 C. J. 1352; 2 Cyc. 1002; 36 Cyc. 448; (3) 26 Cyc. 1096; (4) 3 Cyc. 223; (5) 31 Cyc. 316, 319; (6) 31 Cyc. 316.