ACTON *v*. THE BALTIMORE AND OHIO SOUTHWESTERN
RAILROAD COMPANY.

[No. 8,538. Filed April 14, 1915. Rehearing denied June 22, 1915.]

· RAILROADS.—*Relief Associations.—Recovery of Wages Applied to
Dues.*—A contract of membership in a railroad relief association
entered into in 1909 in violation of §5308 Burns 1914, Acts 1907
p. 46, was null and void from its inception, so that the fact that
the railroad company had applied wages withheld from plaintiff
to the payment of his dues in such association was no bar to
an action by plaintiff for the recovery of the wages so withheld;
plaintiff having received no benefits from the association and
having done nothing to operate as an estoppel.

From Martin Circuit Court; *James W. Ogdon,* Judge.

Action by Benjamin N. Acton against The Baltimore and
Ohio Southwestern Railroad Company. From a judgment
for defendant, the plaintiff appeals. *Reversed.*

*Frank Gilkison,* for appellant.

*W. R. Gardiner, C. K. Tharp, C. K. Gardiner* and *Edward
Barton,* for appellee.

IBACH, J.—This was a complaint against appellee, a rail-
road corporation, alleging "that the plaintiff did work and
labor for the defendant at its special instance and request
continuously from July 19, 1909, until July 19, 1911, at
and for the agreed price of fifty-five dollars per month.
That said defendant paid plaintiff for each of said months
the sum of $52.50, retaining of plaintiff's wages each month
the sum of $2.50, and retaining a total sum due plaintiff
during said time of $60.00, which sum of money is now due
plaintiff and remains wholly unpaid."

The second paragraph of appellee's answer to this com-
plaint set up that appellant was a member of a relief asso-
ciation maintained by appellee and associated corporations,
that appellant, being an employe of appellee, on July 19,
1909, made application for membership in said association,
and by the terms of his contract and admission was to pay

as dues to said association the sum of $2.25 monthly, the same to be deducted out of his wages by appellee; that under his contract and the rules and regulations of said association, he was entitled to certain benefits if sick or injured, and that in case of accidental death a certain sum of money was to be paid to his beneficiary or next of kin, and also in case of natural death a smaller sum should be so paid, and provided for certain other benefits. That after appellant had continued in the service of appellee for two years, during which period he was entitled to the protection and benefits of the relief association, he quit its employment. The contract of membership in said association also recites "that in consideration of the contributions of said company to the relief department, and of the guarantee by it of the payment of the benefits aforesaid, the acceptance of benefits from the said relief department for injuries or death shall operate as a release of all claims against said company," and it was also provided in the regulations that benefits would not be paid under said contract of membership until a release for all claims for damages, from the member and all who might be entitled to a claim, should be filed with the superintendent of the relief department. It was averred in the answer that all the claim and demand of plaintiff in his complaint was for the amounts of dues retained by defendant under his contract of membership in said relief association, and for nothing more.

The chief error assigned is the overruling of appellant's demurrer to appellee's second paragraph of answer. The contract with the relief association alleged in this paragraph is in all essentials the same as the contracts considered in *Wells* v. *Vandalia R. Co.* (1914), 56 Ind. App. 211, 103 N. E. 360; and *Boes* v. *Grand Rapids, etc., R. Co.* (1915), *ante* 271, 108 N. E. 174, 109 N. E. 411, and upon the authority of those cases, such contract must be held null and void, according to the provisions of §5308 Burns 1914, Acts 1907 p. 46. Since the contract of membership in the relief association

was null and void from its inception, it follows that appellee had no right to retain a portion of appellant's wages, and apply it to the payment of dues in such association. There is no averment that appellant ever received any benefits from the association. There is nothing shown to estop him from recovering the moneys retained from him.

The court erred in overruling the demurrer to the second paragraph of appellant's answer, and for that error the judgment is reversed.

NOTE.—Reported in 108 N. E. 535. As to contracts of servant, in advance of employment, waiving right to recover for injuries due to master's negligence, see 44 Am. Rep. 633. As to the question arising under contracts requiring servants to elect between acceptance of benefits out of a relief fund and a prosecution of his claims, in an action for damages, see 11 L. R. A. (N. S.) 182; 48 L. R. A. (N. S.) 440. As to the right of a railroad company to maintain relief department as incidental to main business, see 4 Ann. Cas. 911. See, also, 26 Cyc. 1096.