## BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* POSTON.

[No. 9,184.  Filed February 1, 1917.]

RAILROADS.—*Relief Associations.—Contracts.—Validity.—Waiver of Liability.*—A contract entered into by a railroad with an employe requiring him, as one of the conditions of employment, to become a member of a relief association maintained by the company and to receive benefits from such association in full payment of damages for personal injuries is held to be in violation of §5308 Burns 1914, Acts 1907 p. 46, prohibiting railroad companies from maintaining relief associations when the rules thereof require a waiver by the employe of claims against the company for personal injuries, and such contract is therefore void.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Action by Charles M. Poston against the Baltimore and Ohio Southwestern Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. R. Gardiner, C. K. Tharp, C. G. Gardiner* and *R. N. Palmer,* for appellant.

*Giles & Doman,* for appellee.

IBACH, J.—This is a suit by appellee to recover certain dues paid to appellant's relief department. The theory of the complaint is that the contract under which such dues were paid is in violation of the act of 1907. Acts 1907 p. 46, §5308 Burns 1914.

Appellant, to sustain the errors assigned, contends that the by-laws of its relief department contains no provisions obnoxious to the act of 1907, *supra;* that appellee voluntarily became a member of its relief department and paid his dues and at different times accepted benefits from such department; that the contract set out in the complaint in nowise seeks to prevent or restrain appellee from maintaining an action for injury or death predicated on the negligence or wrongful conduct of the company. Other contentions are made but those indicated are sufficient to present the controlling question.

The application by which appellee became a member of such relief department, the form of which is provided by regulation No. 17 of such department, reads in part as follows:

"I, Charles M. Poston, of Seymour, in the county of Jackson and state of Indiana, employed in the service of the Baltimore & Ohio Railroad as engineman in the conducting transportation Department, Indiana Division, do hereby, as one of the conditions of such employment, apply for membership in the Relief Feature, and consent and agree to be bound by all the regulations of the relief department now in force, and by any other regulations of said department hereafter. * * * I further agree that in consideration of the contributions of said company to the relief department, and of the guarantee by it of the payments of the benefits aforesaid, the acceptance of benefits from the said relief department for injury or death, shall operate as a release of all claims against said company or any company owning

Baltimore, etc., R. Co. *v.* Poston—63 Ind. App. 591.

or operating its branches or division, or any company over whose railroad right of way or property the said The Baltimore and Ohio Railroad Co. shall have the right to run or operate its engines or cars or send its employes in the performance of their duty, for damages by reason of such injury or death, which could be made by or through me; and that the superintendent may require, as a condition precedent to the payment of such benefits, that all acts by him deemed appropriate or necessary to effect the full release and discharge of the said companies from all such claims, be done by those who might bring suit for damages by reason of such injury or death; and also, that the bringing of such a suit by me, my beneficiary or legal representative, or for the use of my beneficiary alone or with others, or the payment of any of the companies aforesaid of damages for such injury or death recovered in any suit or determined by compromise, or of any costs incurred therein, shall operate as a release in full to the relief department of all claims by reason of my membership therein.''

Under the construction placed on said act the contract, under which the dues that appellee paid and now seeks to recover, was in direct violation of its terms and therefore void. *Wells* v. *Vandalia R. Co.* (1913), 56 Ind. App. 211, 103 N. E. 360; *Boes* v. *Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 108 N. E. 174, 109 N. E. 411; *Acton* v. *Baltimore, etc., R. Co.* (1915), 59 Ind. App. 280, 108 N. E. 535. Upon the authority of these cases, the judgment is affirmed.

NOTE.—Reported in 114 N. E. 981. Contracts: validity of provision of railroad relief department for forfeiture of benefits in case of suit against company for damages, 10 L. R. A. (N. S.) 198; relieving master from liability for future negligence, validity, 3 Am. St. 255; 26 Cyc 1094.