## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* MILLER.

[No. 23,180.    Filed June 6, 1918.    Rehearing denied November 26, 1918.]

1.  COMMERCE.—*Railroads.*—*Relief Associations.*—Section 5308 Burns 1914, Acts 1907 p. 46, providing that no railroad shall maintain, or assist in maintaining, any relief association requiring employes on becoming members to waive any right of damage against any railroad company for personal injuries, and that any such agreement shall be void, is not in conflict with Art. 1, §8, of the federal Constitution, conferring on Congress the power to regulate interstate commerce.  p. 686.

2.  MASTER AND SERVANT.—*Contracts.*—*Membership in Railroad Relief Association.*—An agreement for membership in a railroad relief association, to be performed in this state, is an Indiana contract, and is governed by the laws in effect in this state.  p. 686.

3.  COMMERCE.—*Powers of Congress.*—*State Regulations.*—The power of the state to impose restrictions and regulations on interstate carriers as to the conduct of their business is concurrent with that of Congress; and so long as Congress does not act on the subject, such legislation is a valid exercise of the police power, but becomes inoperative when Congress legislates on the same subject.  pp. 688, 689.

4.  COMMERCE. — *Master and Servant.* — *Relief Associations.* — *State Law Superseded by Federal Law.*—Section 5 of the act of Congress of April 22, 1908 (35 Stat. at L. 65, §8661 Comp. Stat. 1916)—which provides that any contract enabling any common carrier to exempt itself from any liability created by the act shall be void, but that the carrier may set off any sum paid for insurance, etc., that may have been paid to the injured employe—supersedes §5308 Burns 1914, Acts 1907 p. 46, which declares such relief contracts wholly void, and such federal act invalidates only those provisions of the employe's contract of membership that release the company from liability.  p. 688.

From Marion Superior Court (99,867) ; *Vincent G. Clifford,* Judge.

Action by Guy M. Miller against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for the plaintiff, the defendant appeals. *Reversed.*

*Samuel O. Pickens, Charles W. Moores, R. F. Davidson, Owen Pickens, C. B. Heiserman* and *E. H. Seneff,* for appellant.

*Pliny W. Bartholomew,* for appellee.

LAIRY, J.—In this action appellee recovered a judgment against appellant for wages earned by him in the employ of said company, which had been retained by the company and applied as contributions to the voluntary relief fund in accordance with an agreement contained in the application made by him to become a member of the relief fund.

The action was brought on the theory that the voluntary relief department of the Pennsylvania Lines West of Pittsburgh is maintained and operated in violation of law, and that the application made by appellee for membership therein and the agreements therein contained, as well as the rules and regulations of said association, by which he agreed to be bound, are without force and effect. The recovery was allowed on the theory that neither the agreements contained in the application nor the rules and regulations of association afforded lawful authority to appellant for withholding any of the wages due appellee under his employment, and for applying the wages so withheld as contributions to such relief fund. It is provided by a statute of this state that no railroad company having or operating a line of railway in this state may establish or maintain or assist in establishing or maintaining any relief association or society which shall require any person or employe becoming a member thereof to enter into a contract, agreement or stipulation, directly or indirectly, whereby such

person or employe shall stipulate or agree to surrender or waive any right of damage against any railroad company for personal injuries or death, or whereby such person or employe agrees to surrender or waive, in case he asserts such claim for damages, any right whatever, and any such agreement or contract so signed by such person shall be null and void. §5308 Burns 1914, Acts 1907 p. 46. The effect and application of this statute has been considered in recent decisions of this court.

Defendant filed an answer in five paragraphs. The court sustained demurrers addressed separately to the third, fourth and fifth paragraphs of such answer, after which appellant withdrew the first and second paragraphs and refused to plead further, whereupon the case was submitted to the court for the assessment of damages. The court rendered judgment in favor of plaintiff for $86.91. No question is raised as to the amount of damages assessed; the only errors assigned being based on the rulings of the court in sustaining demurrers to the third, fourth and fifth paragraphs of answer.

Some of the questions raised by these answers have been already decided adversely to appellant. It has been decided that the statute of this state is not such a regulation of interstate commerce as brings it in conflict with the provision of the federal Constitution (Art. 1, §8) which confers on Congress the power to regulate commerce between the several states. *Baltimore, etc., R. Co.* v. *Hagan* (1915), 183 Ind. 522, 109 N. E. 194. It has also been held that a contract such as the one involved in this case is an Indiana contract, and as such is governed by the laws in effect in this state. *Vandalia R. Co.* v. *Kelley* (1918), *ante* 323, 119 N. E. 257.

The answer in this case presents some questions not determined in the cases cited. By the third paragraph

of answer it is averred that appellant voluntarily applied for membership in said relief fund, and voluntarily permitted the company to retain a portion of his wages each month as provided by the agreement contained in the application and by the rules of the relief department and to pay the money so retained as a contribution to the relief fund; that the contract remained in force and was acted on by both parties to it during the time that appellee remained in the employ of the company, and that during that time appellee received and accepted from said relief fund thirty-six dollars as benefits for temporary disability. Appellant asserts it to be the law under the facts so stated, when construed in connection with the other averments of the answer, that appellee is estopped from asserting the illegality of the contract. This paragraph of answer proceeds on the theory that the statute of Indiana, to which reference has been made, is in full force and that its effect was to render the relief contract void, but that appellee under the facts stated in this paragraph of answer is estopped from asserting its invalidity.

By the express terms of the statute under consideration, all contracts made in violation of its terms are null and void. If that statute is in force, the court would be required, in determining the sufficiency of this paragraph of answer, to decide whether appellee under the facts therein averred was estopped from denying the validity of the contract; but if the statute in question has been superseded by a federal statute, under which such a contract is void only as to conditions exempting railroad companies from liability, and is otherwise valid, then a consideration of the question of estoppel presented by this paragraph is thereby rendered unnecessary.

The force and effect of the statute of this state have been considered in a number of recent decisions by this

court and by the Appellate Court, among which are the following: *Baltimore, etc., R. Co.* v. *Hagan, supra; Acton* v. *Baltimore, etc., R. Co.* (1915), 59 Ind. App. 280, 108 N. E. 535; *Wells* v. *Vandalia R. Co.* (1913), 56 Ind. App. 211, 103 N. E. 360; *Vandalia R. Co.* v. *Kelley, supra.* The decisions in these cases were based wholly on the provisions of the statute of this state, and no question as to the effect of any federal statute covering the same subject was presented or considered. These decisions correctly state and apply the law to the questions therein presented for consideration, and they are not in conflict with anything that may be here said in disposing of a question which was not therein presented.

By the fifth paragraph of answer appellant directs the attention of the court to §5 of an act of Congress entitled "An act relating to the liability of common carriers by railroad to their employes in certain cases," approved April 22, 1908. 35 Stat. at L. 65, §8661 U. S. Comp. Stat. 1916. It is alleged that all of the railroad companies associated together in the operation of the voluntary relief association are engaged in interstate commerce and that all of the members of this relief fund are employed in interstate commerce. It is asserted that this federal statute superseded the statute of this state and renders the same inoperative. The federal statute referred to reads as follows: "Any contract, rule, regulation, or device whatever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act shall to that extent be void; Provided, that in any action brought against any such common carrier under or by virtue of any of the provisions of this act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been

paid to the injured employe or the person entitled thereto on account of the injury or death for which said action was brought."

It is apparent from an examination of this section of the statute that it was aimed at all contracts and devices whereby any railroad company attempted to relieve itself from liability to its employes, and that its purpose was to render such provisions void. The language is that such contract, rule, regulation, or device "shall *to that extent* be void." This section clearly contemplates that a relief association of railroad employes organized and operated under such a plan as is disclosed by the answer in this case shall be valid, except as to provisions releasing the company from liability. This is indicated by the provision to the effect that in any action brought under the provisions of the act the common carrier sued may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employe or to the person entitled thereto on account of the injury or death for which said action was brought.

The Constitution of the United States confers upon Congress the power to regulate commerce among the several states and with foreign nations, and the

3. power thus conferred is exclusive. The states, however, possess the power to impose by law on carriers exercising their callings in the state certain restrictions and regulations as to the conduct of their business. Such laws do not in themselves constitute a regulation of interstate commerce, although they control, in some degree, the conduct and liability of those engaged in such commerce. *Chicago, etc., R. Co.* v. *Solan* (1897), 169 U. S. 133, 18 Sup. Ct. 289, 42 L. Ed. 688. As to regulations of the character mentioned

the power of the state to legislate is concurrent with that of Congress; and, so long as Congress does not act on the subject, such legislation by the state is regarded as a valid exercise of the police power of the state for the regulation of the relative rights and duties of all persons and corporations within its limits; but, when Congress acts in such a way as to manifest a purpose to exercise its conceded authority, the regulating power of the state ceases, and all laws passed by the state on the subject become inoperative. *Adams Express Co.* v. *Croninger* (1912), 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; *Mondou* v. *New York, etc., R. Co.* (1911), 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; *Northern, etc., R. Co.* v. *Washington* (1911), 222 U. S. 370, 32 Sup. Ct. 160, 56 L. Ed. 237.

If the statute of Indiana was rendered inoperative by the act of Congress quoted, the fifth paragraph of answer states facts sufficient to constitute a defense. Under the act of Congress, the contract was valid in all respects, except as to the provisions by which the interstate common carrier attempted to exempt itself from liability for damages. This court has recently decided that §5308 Burns 1914, *supra*, is superseded by the section of the federal act quoted. *Baltimore, etc., R. Co.* v. *Miller* (1915), 183 Ind. 323, 107 N. E. 545. There can be no doubt that Congress was acting within the scope of its granted powers in passing the section quoted, for it has been frequently decided that Congress has power to regulate contracts between shippers and the carriers of interstate commerce, and also to fix the number of hours that certain employes of such carriers may be required to work. *Adams Express Co.* v. *Croninger, supra; Mondou* v. *New York, etc., R. Co., supra; Baltimore, etc., R. Co.* v. *Interstate Com. Comm.* (1910), 221 U. S. 612, 618, 31 Sup. Ct. 621, 55 L. Ed. 878.

The court erred in sustaining the demurrer to the fifth paragraph of answer, and the judgment is reversed with instructions to overrule such demurrer, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 120 N. E. 706. Commerce: interstate, state regulation, 27 Am. St. 551, Ann. Cas. 1917A 991; state regulation of relations between railroad companies engaged in interstate commerce and their employes, 15 L. R. A. (N. S.) 134, 29 L. R. A. (N. S.) 240, 52 L. R. A. (N. S.) 267. Contracts in violation of statute, effect, Ann. Cas. 1917A 991. See under (1) 12 C. J. 77.